On respondent's petition for rehearing filed August 23, former opinion filed August 7 (287 Or 267, 598 P2d 689), petition for rehearing denied; former opinion clarified October 2, 1979

## OREGON BROADCASTING COMPANY,
*Plaintiff-Appellant,*

*v.*

## DEPARTMENT OF REVENUE,
*Defendant-Respondent.*

(TC 1155, SC 25739)

601 P2d 473

James A. Redden, Attorney General, Salem, and James D. Manary, Assistant Attorney General, Salem, for the petitioner.

No appearance contra.

LENT, J.

## LENT, J.

Defendant has filed a petition for rehearing, contending that this court erred by mistakenly focusing "on the Tax Court's jurisdiction statute, ORS 305.425, in determining which issues were properly before the Department" of Revenue. Defendant contends that this led the court to err in its final result because the taxpayer, who had appealed to the Jackson County Board of Equalization *only* as to the assessor's evaluation of its land, was thereby allowed to challenge the unappealed evaluation of improvements.

It is true that the original opinion has some less than careful language concerning just what issues were before the Department and the Tax Court, but that had no effect upon the outcome of the case or upon the main thrust of the opinion dealing with methodology in appraising property for the purpose of arriving at true cash value, which is the ultimate goal of the process. If indeed there was error in the choice of language and the focus of that language, defendant has not been harmed, for the decision of this court modified the decision of the Tax Court only with respect to the value of the land. Resort to the following table will show that the value of the improvements, as found by the assessor, was not changed at any level of the appellate process.

| | C-7 (2.3 acres) | C-5 (4.9 acres) | 0.75 acre | Total Land | Improve-ments (All on C-5) | TOTAL |
|---|---|---|---|---|---|---|
| Assessor | $75,000 | $19,600 | $500 | $ 95,100 | $111,820 | $206,920 |
| Board of Equalization | | | | $ 77,550 | $111,820 | $189,730 |
| Department of Revenue | $75,000 | $19,600 | $500 | $ 95,100 | $111,820 | $206,920 |
| Tax Court | $75,000 | $32,020 | $500 | $107,520 | $111,820 | $219,340 |
| Supreme Court | $79,200* | | $500 | $ 79,700 | $111,820 | $191,520 |

*(As the original opinion shows, this court's figure of $79,200 is derived from plaintiff's appraiser's evaluation of 7.2 acres at $9,000 to $11,000 per acre. We accepted the $11,000 figure.)

The discussion in the original opinion as to the value of the improvements was necessary only to develop the approach to determination (on the record) of the value of the land. An assessed value of either land or improvements must be raised in the appeal to the Board of Equalization. A value not so challenged may not be challenged at some later stage of the tax appeals process. Anything in the original opinion that may be read to mean the contrary is withdrawn. We adhere to the decision in *Domogalla v. Department of Revenue,* 283 Or 377, 584 P2d 256 (1978), that the taxpayer must exhaust his administrative remedies before the Board of Equalization.

The petition for rehearing is denied.