# IN THE OREGON TAX COURT

## Eugene G. STILLMAN
*v.*
## DEPARTMENT OF REVENUE
(TC 2982)

Plaintiff appeared *pro se.*

Joseph Laronge, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered December 10, 1990.

### CARL N. BYERS, Judge.

This property tax appeal concerns procedural issues. Plaintiff purchased a lot for $17,000 in 1983. While developing plans to build a home on the lot, he discovered that it had been "filled." This caused him to incur extra building costs. Later, the surrounding lots sold for $6,500 to $8,000. At this point, plaintiff realized his lot was worth less than he paid for it. Plaintiff appealed the land value for January 1, 1988, and the Department of Revenue found the true cash value to be $12,380.

As part of the regular reappraisal cycle for January 1, 1989, the lot was reappraised at $20,500. Plaintiff again appealed to the board of equalization. In that appeal, he contested the value of only the land. Mr. Solomon, plaintiff's son-in-law, who assisted plaintiff in the administrative appeals, testified that the value of the improvements was not in issue. He indicated the issue was never discussed at the board of equalization hearing. Nevertheless, the board of equalization increased the value of the improvements by $300 to $52,000 and reduced the value of the land to $17,000.

Mr. Solomon testified that he called the Department of Revenue and talked to Gary Humphrey regarding an appeal to the Department of Revenue. He was told that if he had not appealed the value of the improvements to the board of equalization, he could appeal only the land value to the Department of Revenue. Plaintiff then filed his Property Appeal Petition with the Department of Revenue. Plaintiff did not mark the boxes indicating whether the petition was for land or improvements or both. He filled in the line for the improvement value, inserting $52,000, as found by the board of equalization, and $51,700 as his opinion of value.

At the hearing, the hearings officer and the county witness were under the impression plaintiff had appealed the improvements as well as the land value. Plaintiff presented evidence only on the land value. However, the county presented evidence on the value of the land and the improvements. While the record was still open plaintiff clarified his position that he was not appealing the improvements. Defendant, nevertheless, considered the value of both the improvements and the land. Defendant's Opinion and Order increased the value of the improvements from $52,000 to $64,000 and set the value of the land at $17,000.

■ In perspective, a relatively small error by the board of equalization has been complicated by unclear communications. The board of equalization should not have increased the value of the improvements $300. Plaintiff had not appealed the improvements. In the absence of an appeal, the board of equalization cannot increase the value of a separate property without giving five days' notice to the taxpayer. Such notice is not necessary if the board personally notifies the taxpayer while voluntarily before the board. ORS 309.090(2).

Plaintiff compounded the problem by not clearly communicating his position to defendant. Plaintiff's completion of the petition misled defendant into believing plaintiff was contesting the value of the improvements. As a result, defendant took a technical view of the hearing requirements.

The court finds that plaintiff did not appeal the value of the improvements and defendant erred in increasing the assessed value. In its determination defendant relied upon a $300 difference. Defendant acknowledged in its opinion and order that this amount was "so small as perhaps to be insignificant." Taxpayers are not skilled in the procedures or terminology of taxation. When a taxpayer says, "No, I did not intend to appeal the value of the improvements," a tax administrator should raise questions about what was intended. Proper inquiry here would have disclosed that plaintiff was contesting the propriety of the board in changing the value of the improvements and not the value of the improvements. As Mr. Solomon testified, even a lay person would understand that appealing from a value of $52,000 and asserting a true cash value of $51,700 is not meaningful. When such circumstances appear, a tax administrator should question whether there is a typographical error or some other mistake.

Defendant's petition form does not provide any other approach to raise the issue plaintiff faced. Undoubtedly, plaintiff could have expressed his intent more clearly in his written explanation. However, the fact that his written explanation addressed only the value of the land should have been another clue to defendant that he was not appealing the value of the improvements.

In closing argument, defendant contended that even if plaintiff had not appealed the value of the improvements this court has jurisdiction. Defendant rests its contention on the fact that the county witness raised the issue of the improvements at the hearing. Defendant believes if an issue was raised before the department it can be raised in this court, citing *Oregon Broadcasting Co. v. Dept. of Rev.,* 287 Or 267, 598 P2d 689 (1979). Defendant also argued that the assessor could have appealed the value of the improvements to the department.

■ Defendant errs in both points. First, the assessor could not have appealed the value of the improvements to

defendant. The value of the improvements was not an issue raised before the board of equalization. Neither the assessor nor the taxpayer was entitled to appeal that issue to the department. Second, *Oregon Broadcasting Co.* does not stand for defendant's proposition. As a result of a petition for rehearing in that case, the opinion was modified and the court stated:

> "An assessed value of either land or improvements must be raised in the appeal to the Board of Equalization. A value not so challenged may not be challenged at some later stage of the tax appeals process. Anything in the original opinion that may be read to mean the contrary is withdrawn. We adhere to the decision in *Domogolla v. Department of Revenue,* 283 Or 377, 584 P2d 256 (1978), that the taxpayer must exhaust his administrative remedies before the Board of Equalization." *Oregon Broadcasting Co. v. Dept. of Rev.,* 287 Or 499, 502, 601 P2d 473 (1979).

The court is aware that, by its ruling, plaintiff's improvements may be undervalued. However, if the improvements are undervalued "the necessary adjustments can be made on the next year's assessment roll." *Nepom v. Dept. of Revenue,* 272 Or 249, 255-56, 536 P2d 496 (1975).

For purposes of clarity, the court wishes to point out that it is not determining the value of the improvements. Rather, it is ruling on the propriety of the board of equalization and the defendant in changing the value when the value had not been appealed.

In accordance with the above, the court finds that the department's Opinion and Order No. 89-2094 must be set aside. Judgment will be entered establishing the value of the land at $17,000 and the value of the improvements at $51,700, as of January 1, 1989.

Costs to neither party.