IN THE OREGON TAX COURT

BEAR CREEK PLAZA, ORE., LTD.,
an Oregon Limited Partnership,

*v.*

DEPARTMENT OF REVENUE

(TC 3085)

LAMONT'S APPAREL, INC.

*v.*

DEPARTMENT OF REVENUE

(TC 3089)

Carlton D. Warren, Warren, Allen, Brookshire & King, Portland, represented Plaintiff.

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Motion for Partial Summary Judgment denied and remanded September 17, 1992.

## CARL N. BYERS, Judge.

These matters are before the court on plaintiffs' Motion for Partial Summary Judgment. Plaintiffs' motion seeks a determination that these appeals are limited to four specific tax accounts. Defendant opposes the motion on the ground that a dispute exists as to material facts.

Bear Creek Plaza shopping center was constructed in 1977 in Jackson County. It contains approximately 173,000[1] square feet. Although the assessor values the shopping center as a single economic unit, he has, at least since 1982, allocated the total value of the property into 34 separately numbered tax accounts. These accounts are intended to reflect the proportion of the total shopping center value allocable to each tenant. The tenants are contractually responsible for their pro rata share of the property taxes, but do not pay them directly. The property owner remits the property taxes.

In 1988, plaintiff Bear Creek Plaza, Ore., Ltd., owner of the shopping center, appealed the January 1, 1988, assessed value to the board of equalization. The board adjusted the value by reducing most of the small accounts but increased the four large accounts. Plaintiffs timely appealed only the four large accounts to the Department of Revenue on September 29, 1988, and September 30, 1988.

The assessor became concerned that appeals of only the four large accounts might result in an undervaluation of the whole shopping center. He asked defendant how to proceed. An employee[2] of defendant advised him to file a cross

---

[1] In its brief for the Department of Revenue hearing, plaintiff Bear Creek stated the size of the shopping center at 173,000 square feet. The county assessor, in his affidavit stated the size as 161,270 square feet.

[2] The employee was the hearings officer assigned to plaintiffs' appeals.

appeal. On July 25, 1989, the assessor wrote a letter to defendant indicating that it constituted a cross appeal.

The only disputed fact is with regard to the assessor's intent in filing his "cross appeal." Defendant contends that the purpose of the assessor's cross appeal was to place the value of the entire shopping center at issue. Plaintiffs contend the assessor's "cross appeal" was untimely and did not meet the requirements for an appeal.

## ISSUES

The motion gives rise to two issues:

1.   Could the assessor file a "cross appeal" with the Department of Revenue?

2.   Are plaintiffs entitled to appeal only four of the 34 accounts pertaining to the Bear Creek Plaza shopping center?

## APPEALS TO THE DEPARTMENT OF REVENUE

■   The court finds that defendant erred in considering the cross appeal of the assessor. The assessor sets the value of property for taxation. ORS 308.210. When setting the value of property, the assessor is acting in a judicial capacity. *J. R. Widmer, Inc. v. Dept. of Rev.*, 261 Or 371, 374, 494 P2d 854 (1972) (quoting *Citizens' Nat. Bk. v. Board of Equalization*, 109 Or 669, 222 P 341 (1924)). An assessor is directed by the legislature to properly assess property (*see* ORS 308.330) and to assess the value of land separately from the value of improvements. ORS 308.215(1)(e) and (f).

■■   It is fundamental that an officer exercising judicial authority cannot appeal from his or her own decision. Thus, if a taxpayer elects to appeal only the value of the land, the assessor cannot "cross appeal" the value of the improvements. This rule is reflected in ORS 305.275(2), which requires an assessor to be "aggrieved" before the assessor can appeal. An assessor may appeal from an order of a board of equalization only if the order changes the value set by the assessor. Even then, the assessor is subject to the same time limits as the taxpayer. That is, an appeal to defendant must be filed within 30 days of the date of mailing of the order of the

board of equalization. ORS 305.280(3). The assessor did not appeal within 30 days.

Defendant's amended opinion and order, at 5, states:

"There are no statutory provisions in the tax appellate process requiring a cross-appeal or an answer to a petition. When the issue of true cash value has been brought before the department, this agency may determine such value on the basis of the evidence before it, without regard to the value requested in the petition. ORS 305.115."

■    While the above statement is technically correct, defendant's application is wrong. The issue brought before defendant by plaintiffs' petitions was the true cash value of only four accounts. If those tax accounts are valid, then defendant had no jurisdiction to consider the value of other accounts not appealed. Defendant does not have jurisdiction to adjust the value of a taxpayer's property which is not the subject of an appeal.[3]

Defendant requests that the court consider *Oregon Broadcasting Co. v. Dept. of Rev.*, 287 Or 267, 598 P2d 689, *reh'g denied, former opinion clarified,* 287 Or 499, 601 P2d 473 (1979), for the proposition that "statutory and administrative requirements for petitioning the Department of Revenue need not be followed by the non-petitioning party to raise an issue in an administrative hearing." This broad proposition would override general principles with regard to exhaustion of administrative remedies and procedural due process. *Oregon Broadcasting Co.* should not be read so broadly. While the language in the original opinion may have led defendant to that conclusion, the opinion denying the rehearing[4] considerably narrowed the scope of the original opinion. To quote the clarifying opinion:

"The discussion in the original opinion as to the value of the improvements was necessary only to develop the approach to * * * the value of the land. An assessed value of either land or improvements must be raised in the appeal to

---

[3] Defendant has authority to correct assessed values under its supervisory authority. ORS 306.115. However, it must make determinations to support the exercise of that authority. OAR 150-306.115 (2) (1987 Replacement Part). No such determinations were made in these cases.

[4] The court finds it curious that defendant did not bring the opinion denying the rehearing to the court's attention.

the Board of Equalization. A value not so challenged may not be challenged at some later stage of the tax appeals process. Anything in the original opinion that may be read to mean the contrary is withdrawn." *Id.* at 502.

In summary, because the board of equalization adjusted the value of all the shopping center accounts, the assessor was also entitled to appeal from the board of equalization order. However, his appeal had to be perfected within 30 days as required by ORS 305.280(3). It was not. Therefore, if the separate tax accounts are valid, defendant was without jurisdiction to adjust the value of those accounts not timely appealed.

## AUTHORIZED SEPARATE ASSESSMENTS

An issue raised by plaintiffs' motion pertains to the use of the separate tax accounts for the shopping center. The methods and processes for assessing property for taxation are set by statute. The statute requires parcels of real property to be assessed and taxed separately. ORS 308.215(1)(i). Although there is no definition of "parcel," in *First Interstate Bank v. Dept. of Rev.*, 306 Or 450, 760 P2d 880 (1988), the court held that, in the context of the assessment statutes, the value of each tax lot should be assessed separately. *Id.* at 453.

ORS 308.240(1) requires real property to be described by metes and bounds, subdivision, tax lot or some other means capable of being made certain. Any description substantially conforming to these requirements is sufficient for assessment, levy, collection, foreclosure and sale. ORS 308.240(3).

The general rule is that "real property is assessed *as a whole* in the name of the owner." *Shields v. Dept. of Rev.*, 266 Or 461, 470, 513 P2d 784 (1973) (emphasis added). Consistent with this rule, ORS 308.115(1) provides that when severable interests such as mineral interests are *separately owned* from the surface ground, they are to be separately assessed. Likewise, if a building, machinery and equipment or a fixture is *owned separately* from other associated property, it is to be separately assessed. ORS 308.115(2).

In short, the statutory scheme does not authorize separate assessments of segments of real property which are not separately owned. Further, the description of the unit of

property selected for assessment should be capable of being used for purposes of levy, collection, foreclosure and sale.

The assessment of the Bear Creek Plaza shopping center as 34 separate tax accounts appears to be improper. The record indicates that the tenants receiving the individual assessments do not own the property assessed. They may own some of the fixtures or some of the improvements in a leased space, but the assessment takes into account the total value of the land and buildings for that space. The court finds that it should remand this matter to the defendant to determine whether the four separate tax accounts appealed by plaintiffs are valid assessments. Now, therefore,

IT IS ORDERED that plaintiffs' Motion for Partial Summary Judgment is denied, and

IT IS FURTHER ORDERED that this matter be remanded to defendant for further proceedings consistent with this order. Costs to neither party.