# IN THE OREGON TAX COURT

LINCOLN COUNTY,
a political subdivision of the State of Oregon,
and Ed Todd, Lincoln County Assessor

*v.*

## DEPARTMENT OF REVENUE

Harold GREGORY
and Patricia Gregory,
*Intervenors*

(TC 3312)

Wayne Belmont, Lincoln County Legal Counsel, Newport, represented plaintiff.

No appearance by defendant.

David L. Canary, Garvey, Schubert & Barer, Portland, represented intervenors.

Decision for intervenors rendered December 2, 1993.

## CARL N. BYERS, Judge.

Intervenors operate a store on public property under an agreement with the Port of Newport (The Port). Plaintiffs assessed the property for taxation for years 1987-88 through 1991-92 under ORS 307.110. After an administrative hearing, defendant issued its opinion and order reducing the assessed value and plaintiffs appealed to this court.

The subject property is a building located on the South Beach Marina, a facility owned by The Port. On February 1, 1986, intervenors entered into an agreement with The Port granting intervenors a license to operate a store in the building for the sale of convenience foods, bait, tackle, and marine supplies. ORS 307.110[1] subjects publicly owned property used for private benefit to property taxation. Plaintiffs assessed the building and land at $815,000 and The Port appealed to defendant. At the administrative hearing, The Port sought a reduction to $226,650, while intervenors claimed the value was only $46,400. Defendant's Opinion and Order No. 91-0515 set the value at $46,400, allocating $35,400 to the building and $11,000 to the land.

On appeal to this court, plaintiffs contend the value is $192,500. In addition to defending the value of $46,400, intervenors also challenge the validity of the assessments.

Intervenors contend the assessments are not valid because they fail to adequately describe the property subject to taxation.[2] Plaintiffs respond that the description is adequate even though it encompasses more than the subject property. Plaintiffs reason that since the larger property is owned by one owner, a description of the whole may be used

---

[1] ORS 307.110 (1989 Replacement Part) provides:

"(1) Except as provided in ORS 307.120, all real and personal property of this state or any institution or department thereof or of any county or city, town or other municipal corporation or political subdivision of this state, held under a lease or other interest or estate less than a fee simple, by any person whose real property, if any, is taxable, except employees of the state, municipality or political subdivision as an incident to such employment, shall be subject to assessment and taxation for the true cash value thereof uniformly with real property of nonexempt ownerships."

[2] Although this issue was raised for the first time before this court, plaintiffs and intervenors have assumed the issue was before the court. Therefore, the court will treat the issue as stipulated by the parties under ORS 308.560.

even though only a portion of the property is subject to taxation. Plaintiffs rely upon the court's decision in *Bear Creek Plaza v. Dept. of Rev.*, 12 OTR 272 (1992). However, as intervenors point out, ORS 307.110(2) is an exception to the general rule of *Bear Creek Plaza* and expressly requires "each leased or rented premises not exempt * * * shall be separately assessed and taxed." ORS 307.110(2). ORS 308.240(1) requires the assessor to describe the land being assessed by one of the following:

> "(1)  Real property may be described by giving the subdivision according to the United States survey when coincident with the boundaries thereof, or by lots, blocks and addition names, or by giving the boundaries thereof by metes and bounds, or by reference to the book and page of any public record of the county where the description may be found, or by designation of tax lot number referring to a record kept by the assessor of descriptions of real properties of the county, which record shall constitute a public record, or in such other manner as to cause the description to be capable of being made certain. Initial letters, abbreviations, figures, fractions and exponents, to designate the township, range, section or part of a section, or the number of any lot or block or part thereof, or any distance, course, bearing or direction, may be employed in any such description of real property."

■    The description used by the assessor does not meet the above requirements. Intervenors are unable to determine whether the assessments cover only their interest or other taxable interests. The statute requires the description to be made in such a manner "as to cause the description to be capable of being made certain." ORS 308.240(1). Even if there are errors or omissions, the description will be valid if it is sufficient for a court to enforce a contract to convey employing that description. ORS 308.240(2). The court finds the assessments are invalid.

Aware that ORS 311.205 allows for the correction of errors or omissions in the tax rolls, the parties have indicated the court should decide the valuation issue.

Under ORS 307.110, The Port's land and building used by intervenors are subject to taxation. Since intervenors use the land and building for commercial purposes, plaintiffs' appraiser determined the income approach is the most reliable approach. Under intervenors' agreement with The Port,

they pay nine percent of the gross sales from their store as the license fee. The dispute in this case is whether the amount paid represents rent for the taxable property or includes other elements such as a franchise fee.

Plaintiffs contend the amount may be viewed as rent because the agreements is no more extensive than a shopping center lease. Plaintiffs argue that shopping center leases often control the hours of operation, types of merchandise to be sold, provide exclusive operating rights and cover other items.[3]

■ The court finds there is more than just an interest in real property involved. Paragraph 29 of the agreement addresses the subject of an assumed business name, which involves the element of goodwill of a business. The agreement gives The Port the right to determine customer demand, as well as some control over prices, merchandise sold, and the quality of operations. The agreement also gives intervenors the first right of refusal to provide other convenience food concessions. Finally, the scope of the insurance requirements appear to be broader than just with regard to the use of property. All of these characteristics involve aspects of the store business operated by intervenors on the property.

The court finds the payments made under the agreement involve an operating business. Unlike most commercial leases, there is no base rent but only a percentage of sales. Moreover, the amount of nine percent of gross sales suggests the payments reflect the value of a business and its operations as much as, if not more than, the use of real property.

The court acknowledges that it is not easy to separate the values involved.

The *Appraisal of Real Estate* states:

"It may be difficult to separate the market value of the land and the building from the total value of the business, but such a division of realty and nonrealty components of value is

---

[3] The question is not whether the document is a license or lease. Even if a lease, if the measure of the rent reflects the operation of the business as opposed to rent for the use of property, the amount would not be a good measure of the property's value.

not impossible and is, in fact, often required * * *." Appraisal Institute, *The Appraisal of Real Estate* 24 (10th ed 1992).

■ Oregon law requires the separation of these elements. ORS 307.030 limits the property subject to assessment and taxation to "[a]ll real property within this state and all tangible personal property situated within this state, except as otherwise provided by law * * *." ORS 307.030.

This court has held that a franchise should not be included in the assessed value of a taxpayer's real and tangible personal property. *Boise Cascade Corp. v. Dept. of Rev.*, 12 OTR 263 (1991), *Jones Intercable, Inc. v. Dept. of Rev.*, 12 OTR 436 (1993). Intervenors argue that their agreement with The Port is analogous to a franchise and thus should not be used in valuing the property.

Plaintiffs' income approach necessarily takes into consideration both goodwill and going-concern value because the income is from the operation of a store, not just use of the property. This court has held that use of the income approach is not appropriate where there is no way to distinguish income attributable to the taxable tangible property from income attributable to the nontaxable business. *Jones Intercable* at 445. *Truitt Brothers, Inc. v. Dept. of Rev.*, 10 OTR 111, 117-18 (1985), *aff'd* 302 Or 603, 732 P2d 497 (1987). Furthermore, it is well established that an income approach is appropriate in assessing real and tangible personal property only where the lessee pays a rent which is not affected by the lessor's management, goodwill and other intangible factors not subject to property tax. *Avison Lumber Co. v. Dept. of Rev.*, 5 OTR 45, 52 (1972); *see also Ore. Portland Cement Co. v. State Tax Com.*, 230 Or 389, 369 P2d 765 (1962), and *State of Oregon v. Cerruti et al.*, 188 Or 103, 108, 214 P2d 346 (1950). Thus, in this case, the income approach is not the best indicator of value.

Intervenors have used the market approach to value in their appraisal. Intervenors' appraiser compared five similar port properties on the coast of Oregon and arrived at an average value of land of $5 per square foot. The court finds this value is appropriate in calculating the value of the subject property. Thus, the land value for the subject property, which is 2,000 square feet, is $10,000. The improvement value has

been stipulated by the parties at $35,400, for a total value of $45,400. The court finds this represents the real market value of the subject property.

Accordingly, defendant's Opinion and Order No. 91-0515 is set aside and value of the property is set at $45,400.