## CARMAN, CARMAN, DETLEFSEN, FORBES, GRAY, HOFFMAN, HUNTLEY, LAIRD, LUND, LUTTRELL, RANKIN AND DEMENT v. DEPARTMENT OF REVENUE

Maurice V. Engelgau, Coquille, Oregon, represented plaintiffs.

Carl N. Byers, Assistant Attorney General, Salem, Oregon, represented defendant.

Decision for defendant rendered September 23, 1969.

EDWARD H. HOWELL, Judge.

The above twelve cases which were consolidated for trial and decision all involve a single issue—the farm use value of the subject properties.

All the farms are located in the area of the Coquille River watershed in Coos County. The farms are not in a farm use zone but have been receiving the

special farm use classification allowed by ORS 308.370 (2) for bona fide farms in an unzoned area.

■ ORS 308.345(3) provides for the ad valorem valuation of farms by the use of an income approach when comparable sales cannot be used to determine value. The use of the income approach to determine values of farms in a zoned or unzoned area requires a determination of net farm income and a capitalization rate. The State Tax Commission (now Department of Revenue) is required by ORS 308.345(3) to determine the capitalization rate each year and certify the rate to the county assessor. The rate used by the plaintiffs and the defendant in these cases was 6.5 percent.

The plaintiffs in each of the cases own and operate their own farms. To determine the net farm income to be used in valuing the farms on an income basis it is necessary to find the typical or reasonable net rental for similar farms being rented in the area. The disagreement over the farm use values of the farms centers around the net farm income which should be used. The parties have stipulated that the only issue to be determined by this court is the reasonable net rental to be used to find the farm use values of the subject properties.

To find the reasonable rental both the taxpayers and the assessor conducted studies of rentals of similar farm properties in the area. The evidence introduced by both sides illustrates the difficulties involved in finding a reasonable or a typical net farm rental in order to value the farms by using the income approach.

A witness with substantial experience appraising property in Coos County and a former member of the

assessor's office, testified for the plaintiffs. He stated that he had analyzed 18 rentals of farms in the area and discussed the terms of the rentals with the landlord or tenant or both. His analysis of the rentals was complicated by a lack of uniformity in the arrangements between the landlords and the tenants. Some of the farms were leased on a cash basis with an established amount per year; others were rented on a percentage of the butterfat received with some variations in this category; the rental arrangements were varied as to the sharing of expenses, maintenance and the furnishing of machinery; in some instances the cattle were included in the lease. The primary difficulty arises over the segregation of the total rent and the allocation of the portion of the total rent which should be assigned to the house and other improvements and the amount which should be assigned to the land.

After making a determination of the net rental to be allocated to the bare land the plaintiffs' appraiser deducted property taxes, including fire patrol and drainage district taxes, fencing at $1.00 per acre and a management fee of 5 percent. Of the 18 rentals considered the net income ranged from 10 percent to 53 percent of the gross rental. The net rental found for bottom land ranged from $2.64 per acre to $23.76 per acre. The hill land ranged from $.88 to $3.00 per acre.

For the subject farms the plaintiffs' appraiser assigned various rental values to the hill, bottom and bench land and capitalized the total rental by 6.5 percent to arrive at the farm use value. He stated that he also computed the farm use value by determining the number of cattle units the land could support,

multiplied that amount by $30 per year animal unit rent to determine gross rental. From the gross rental he deducted 40 percent for expenses and capitalized the net rental at 6.5 percent to find farm use value.

The Coos County Assessor also conducted a study of farm rentals in the county to find the net farm income to be used in the income approach to farm use value. He testified that he considered 27 rentals over the county. In finding the values to be assigned to the bare land he deducted 10 percent of the assessed value of the improvements on the land, allowed 50 cents per acre for fencing, 5 cents per acre for fire patrol tax, deducted any drainage district taxes and allowed 3 percent for management fees. He capitalized the net rental after the above deductions by 8.4 percent (6.5 interest rates allowed by the tax commission plus 1.90 tax rate). He then made a deduction for growing crops as allowed by ORS 307.320 and the balance represented farm use value.

The assessor testified that after he had completed the rental study he made an individual appraisal of all the properties involved in these appeals. In finding the farm use value of the subject properties the assessor used the procedure outlined above in his rental study. He determined the net per acre rental for the subject farms by using an average of the per acre values of the most comparable rentals.

As previously mentioned, the determination of farm use values based on an income approach is difficult because of the many variations in farm rentals plus the problem of the allocation of the portion of the gross rent which should be assigned to the house, barn and other improvements and machinery if in-

cluded in the lease in order to find the rent to be assigned to the bare land.

The evidence produced by both sides was not completely satisfactory. The plaintiffs' appraiser in his rental study determined the acreage of the hill, bottom and bench land from the tenant or the landlord in each rental. Their estimate may or may not have been accurate. In at least one of the rentals in the study he deducted the entire amount of real property taxes as an expense against the bare land, whereas part of the taxes should have been allocated to the improvements on the land. In other cases it seemed that the allocation of the portion of the gross rental to the improvements such as barns and outbuildings was excessive. The county assessor, on the other hand, after finding the average net rental per acre from the rentals did not always use the average when he applied it to the plaintiffs' properties. Moreover, the farm use value which he found on the rentals was in many instances substantially more than the farm use values of the rentals as carried on the assessment roll.

The issue concerning the farm use values of plaintiffs' properties is further complicated by the fact that the farm use values assigned to the plaintiffs' farms by the assessor were in many instances equal to or in excess of the market values assigned by the assessor to the same farms.[1] When the legislature enacted the special farm use assessment statutes, ORS

---

[1] If the farm is not within a farm use zone and being used exclusively for farm use or in unzoned areas if the owner has not applied for and received a farm use classification, the assessor is required to value the farm on the basis of market value. ORS 308.390 requires the assessor to note on the roll the market value of farms in unzoned areas in order to compute the additional taxes which will be due in the event the farm loses its special farm use classification.

308.345 to ORS 308.395, it was expected that the farm use values would be less than the market values of the farms.[9] Apparently this has not been true in all instances. It is, of course, possible for the value of the farm using the income approach to be the same as market value if the farm produces sufficient income. The plaintiffs' appraiser testified that the farms used in his rental study were not producing an economic rent to the lessors.

The defendant Department of Revenue assigned a member of its staff to conduct a ratio study of farm values, including rental values, in Coos County. The witness, who held a degree in agriculture from Oregon State University and had experience in farming and appraising farms, conducted a study of farm use valuations as indicated from rentals in Coos County. He testified that the study also included a correlation between farm use values and market values in the county for the past three years. He found that farm use values were the same or more than market values because the market values as used by the assessor or the Coos County Board of Equalization were actually lower than the true market value as shown from sales. He stated that the market values used by the board of equalization for the past 3 years were 91 percent of actual market value the first year, 88 percent the second year and between 83 and 84 percent this year.

He also testified that the farm use values which the assessor had on the rolls in the instant cases and which are the subject of these appeals, were within 98.8 percent of the farm use values as determined by his rental study.

---

[9] See article regarding farming use deferrals *Your Taxes,* Vol. 34, No. 9, September, 1969, published by Oregon Tax Research.

■ The plaintiffs have failed to sustain the burden of proving that the farm use values presently on the rolls for the tax year 1968-69 are incorrect. The orders of the Department of Revenue are affirmed.