Argued May 7, reversed June 12, 1975

NEPOM, *Appellant, v.* DEPARTMENT OF
REVENUE, *Respondent.*

536 P2d 496

*Morris G. Galen,* of Tonkon, Torp & Galen, Port-
land, argued the cause and filed a brief for appellant.

*Glen V. Sorensen,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and James Manary, Assistant Attorney General, Salem.

HOWELL, J.

Plaintiff appeals from an adverse decree of the Oregon Tax Court in a suit involving the valuation of the improvements on plaintiff's real property for the tax years 1971 and 1972.

Plaintiff owns two parcels of real property in Multnomah County. The Assessment and Taxation Division of the county Department of Finance assessed the property as follows:

|  | January 1, 1971 | January 1, 1972 |
|---|---|---|
| Land | $ 208,000 | $ 214,240 |
| Improvements | 73,320 | 75,510 |
| Total | $ 281,320 | $ 289,750 |

Plaintiff was denied relief by the Board of Equalization and the Department of Revenue. She appealed to the Tax Court, challenging only the valuation placed on the improvements. She contended that the value did not exceed $5,000 for each tax year.

The parties submitted the issue to the Tax Court on a stipulation of facts. The stipulation, after reciting the above valuation of the land and improvements for 1971 and 1972, stated that the highest and best use of plaintiff's land was for commercial or light industrial purposes. The stipulation also stated that defendant's witnesses had testified (apparently before the defendant's hearings officer) that "the true cash value of plaintiff's real property, including both land and improvements" was $281,320 on January 1, 1971 and $289,750 on January 1, 1972. It was further stipulated that plaintiff's witnesses had testified only on the value of the improvements and that the residen-

tial apartments on the land had a residual value not exceeding $5,000.

Based on the stipulation, the Tax Court entered a decree reducing the value of the improvements for 1971 from $73,320 to $5,000, and for 1972 from $75,510 to $5,000. However, the Tax Court added the reduction in the value of the improvements for both years to the valuation of the land, resulting in an increase of the land value to $276,320 for 1971 and to $284,750 for 1972.

Plaintiff appeals to this court. She contends that she is contesting only the value of the improvements on her land; therefore the Tax Court had no authority, after reducing the value of the improvements, to increase the value of the land. According to plaintiff, the Tax Court should have retained the land values of $208,000 for 1971 and $214,240 for 1972, and ordered the county to reduce the improvement values to the $5,000 for each year as found by the Tax Court.[1]

ORS 308.215, relating to the assessment rolls, states, in pertinent part:[2]

"The assessor shall prepare the assessment roll in the following form:

"(1) * * * For each parcel of real property,

---

[1] It is not clear from the record whether the plaintiff initially appealed both the land and improvements values to the Board of Equalization and to the Department of Revenue. Even if she did, we know of no statutory prohibition against the plaintiff abandoning her appeal of the land valuation and proceeding only on the question of the valuation of the improvements. In Commonwealth v. Dept. of Rev., 4 OTR 80 (1970), the taxpayer appealed, and the case was tried, only on the true cash value of the land and not the improvements.

[2] Prior to 1951 the assessor was required to place on the assessment roll "the full cash value of each parcel of land assessed" and the "full cash value" of "the taxable personal property of each person." Section 110-336 O.C.L.A., amended by ch 76, Or Laws 1947. In 1951 the statute was amended to provide for separate valuation for the land and the improvements. Or Laws 1951, ch 542.

the assessor shall set down in the assessment roll according to the best information he can obtain:

"* * * * *.

"(e) The assessed value of the land, excluding all buildings, structures, improvements and timber thereon.

"* * * * *.

"(g) The assessed value of all buildings, structures and improvements thereon.

"* * * * *.

"(j) The total assessed valuation of each parcel of real property assessed.

"* * * * *."

The defendant has referred us to several decisions from other states holding that although the assessing statutes require separate valuations for land and improvements for valuation purposes, they are a single entity and must be considered together on appeal.

In *Transamerica Develop. Co. v. County of Maricopa,* 107 Ariz 396, 489 P2d 33 (1971), the plaintiff taxpayer and the taxing authorities agreed on the value of plaintiff's land, and plaintiff appealed only the value of the improvements. Plaintiff contended on appeal that the sole issue before the court was the value of the improvements. The Arizona Supreme Court held that the statute requiring separate assessment was not controlling and stated:

"* * * In other words, if the total valuation represents the full cash value of the property, it is immaterial for purposes of appeal that one part is overvalued and the other is undervalued. It is the total value that is the concern of the board and the court." 489 P2d at 36.

In concluding that the land plus improvements should

be considered as a single entity, the Arizona court relied on several decisions of the supreme court of Pennsylvania on the same subject, all of which were entered on the same day.

In *Appeal of Rieck Ice Cream Co.*, 417 Pa 249, 209 A2d 383 (1965), the taxpayer appealed the value of the improvements. The court held that, despite a statutory requirement of a breakdown between land and improvements, "the only basis for an appeal and a decision thereon is the total assessment." 209 A2d at 387. The court stated that the statute requiring separate valuations for land and improvements does not control, and the court must decide the value as a whole.

In *Pittsburgh Miracle Mile v. Board of Prop. A., A. & R.*, 417 Pa 243, 209 A2d 394 (1965), the court repeated the above rule and further held that a stipulation by the parties that only the land assessment was involved was improper and should not have been permitted. A similar stipulation restricting the issues only to the value of the land was also stricken as improper in *Deitch Company v. Board of Property Ass., App., & Rev.*, 417 Pa 213, 209 A2d 397 (1965).

We are not persuaded by the majority opinions of the court in the Pennsylvania cases. Two members of the supreme court dissented. In *Deitch* the chief justice criticized the rule that the parties could not stipulate to one issue. He pointed out that separate assessments for land and improvements had been "statutorily mandated" in Pittsburgh and Philadelphia, and that in some cities the tax rate is different for the land and the improvements. He stated:

"* * * The majority Opinion in each of these cases completely nullifies the statute and the ordinance—the statute which, we repeat, specifically applies and mandates a separate assessment and (the Ordinance specifically applies and man-

dates) a different millage for land and for buildings—by (1) ignoring and voiding the Ordinance and (2) by holding that that statute is applicable *only to assessors* and not to a Court of Common Pleas which reviews an assessment *de novo* on appeal. In other words, the majority Opinion in Rieck and Heinz and McKnight expressly, and the majority Opinion in several of these companion cases impliedly, hold that there is one rule before the Board of Assessment *for determining the value* and assessment of a property and *an entirely different rule* when exactly the *same question* is presented on appeal de novo to the Court of Common Pleas. Such a construction was never the intention of the Legislature; and it flies in the teeth of the statute and is unsupportable." (Emphasis in original.) 209 A2d at 406.

He also stated:

"* * * It therefore seems to me erroneous to say that real estate is *one indivisible class* and cannot be divided into one or more kinds of real estate, i.e., land and buildings. Moreover, this theory would require the Court to hold that the Acts supra which require a separate assessment and separate tax for land and for buildings, are Unconstitutional." 209 A2d at 407. (Emphasis in original.)

◼ In the instant case we see no valid reason why the parties by stipulation or by attacking only one of the valuations cannot raise the one specific issue on an appeal. Our statutes specifically require the assessor to separate the value of the land and improvements on the assessment roll. There are many valid reasons for separate values for the land and improvements.[9] Also,

[9] The publication, "Assessing and the Appraisal Process," prepared by the International Association of Assessing Officers (2d ed 1968), states, at p. 16:

"* * * Land and improvements are generally valued separately because of the different factors affecting the value of each.

specific separate appeals are allowed in at least one other section of the tax statutes. The statute providing for the small claims division of the Tax Court (ORS 305.515) specifically allows for appeals to that court where the taxing authorities have determined that "either the parcel of land *or* the total improvements thereon, has a true cash value not in excess of $25,000 * * *."

The legislature has also enacted special statutes, ORS 308.345 *et seq.,* relating to the assessment of farm land by utilization of the income approach which necessarily includes a finding of a reasonable rental value for the bare land. *Carman et al v. Dept. of Rev.,* 3 OTR 516 (1969).

We appreciate that some property, particularly residential, is valued in the marketplace as a unit. However, erroneous valuation of either the land or improvements could result in a lack of uniformity in the area. If the land was undervalued and the improvements were overvalued, as the Tax Court found the improvements to be in this case, the necessary adjust-

---

"There are other reasons for placing separate values on land and improvements, the most important being taxation. In many states the law requires separate values; in others it is done in order to insure equalization and uniformity. For example, land values may be changed without disturbing the value of the improvements, and periodic depreciation may be applied to improvements without disturbing the land value. Assessments showing separate values for land and improvements are generally more easily justifiable to the taxpayer.

"In addition to these factors, land and improvements should be valued separately for the following reasons: (1) Mortgages, so that the lending agency will know the value imputable to the land. (2) Accounting, in order to compute depreciation on improvement value and for income taxes. (3) Appraising, in order to determine the highest, best and most profitable use of the land—the key to economic obsolescence where land is under improved. (4) Leases, in order to compute the amount of the reversion. (5) Residual techniques, in order to compute the return to buildings."

ments can be made on the next year's assessment roll.[4]

■■ We conclude that plaintiff was entitled to challenge only the value of the improvements, and that the Tax Court was entitled to reduce the value of such improvements; however, as the value of the land was not an issue in the case, the Tax Court acted improperly in adding the reduction in the improvement values to the land.

Reversed.

_____

[4] We do not intend to indicate that evidence of the total valuation is inadmissible for it may be relevant to the value of the components. We are stating that separate appeals challenging one value or the other are permissible, and that the valuation does not have to be determined on a unit basis.