# IN THE OREGON TAX COURT

## ALLIED TIMBER COMPANY
*v.*
## DEPARTMENT OF REVENUE
(TC 1594)

Roy D. Lambert, Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, represented plaintiff.

G. F. Bartz, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Opinion for plaintiff rendered October 26, 1982.

**CARLISLE B. ROBERTS, Judge.**

Plaintiff appeals from the department's Order No. VL 81-945 (dated August 3, 1981). After trial* on a prior order,

---

*\*Allied Timber Co. v. Dept. of Rev.,* 8 OTR 428 (1980).

No. VL 80-167 (April 11, 1980), and remand by the Oregon Tax Court of the issue of value to the Department of Revenue, the questions of fact have been settled and a question of law remains before the court: Do statutes of limitation preclude the application of the doctrine of recoupment under the facts in this suit?

Plaintiff is an Oregon corporation with its principal place of business in Portland, Oregon. During the tax years 1973-1974 through 1977-1978, a period of five fiscal years, plaintiff operated a sawmill in Cascade Locks, Oregon, and all the assessable real property owned, leased or controlled by the plaintiff in Hood River County during these years was part of and associated with this sawmill (except for a parcel of timberland having negligible value). The land on which the sawmill stood was leased by plaintiff from the Port of Cascade Locks.

The Director of Records and Assessment of Hood River County (who acts as county assessor and tax collector, hereinafter referred to as "county assessor") mailed notices of assessment and taxation to the plaintiff respecting the property owned by the plaintiff in Cascade Locks. Each of the notices contained a statement in bold face type that the assessments were for improvements only. Plaintiff paid each of the real property assessments in timely fashion. The real property on which the mill and appurtenances were located (leased by plaintiff from the Port of Cascade Locks during the years in question) was not assessed and the county assessor failed to include this leased property on the assessment roll as required by ORS 307.110.

Plaintiff did not recognize that the total assessed value for each of the years above noted was substantially overstated. Accordingly, plaintiff did not take an appeal from any of the taxes assessed by the Hood River County Assessor in each of the tax years 1973-1974 through 1977-1978.

By letter, dated June 1, 1978, the county assessor properly notified plaintiff that real property which plaintiff leased from the Port of Cascade Locks and on which its taxable improvements were built would be treated as "omitted

property" under ORS 307.110 (which permits the county assessor to place on the tax rolls omitted property for the current tax year and for five preceding years). The assessed value of the omitted property was stated to be as follows: 1973-1974, $96,600; 1974-1975, $96,600; 1975-1976, $70,000; 1976-1977, $260,300; 1977-1978, $260,300.

This matter having come to its attention, plaintiff reviewed its holdings and their value and concluded that it had actually paid taxes in each year in an amount which equalled or exceeded the total amount of taxes already paid for each tax year plus the additional taxes computed by the county assessor under the omitted property statute.

While plaintiff did not argue that it was entitled to any refunds, at this late date, it did contend that the doctrine of recoupment should apply, precluding the county from enforcing, in effect, a double taxation on the leased property. The Department of Revenue, in its Order No. VL 81-945, at page 3, has denied relief in the following language:

> "In this case, the evidence shows that the improvements were taxed during the years 1973-74 through 1977-78, but the land was not. The assessor was therefore compelled to tax the land under the omitted property statutes. ORS 311.207 et seq. Petitioner now seeks to use the assessor's act to reopen the issue of the improvement values for the years in question. Despite the Oregon Tax Court's Opinion granting relief on the theory of equitable recoupment, the Department maintains that the statute of limitations bars petitioner from contesting the value of the improvements. The Oregon Supreme Court has held that parties can challenge the value of improvements or land separately and, if either portion is not at issue, it is improper to increase or decrease the uncontested portion in order to obtain a certain total. *Nepom v. Dept. of Rev.*, 272 Or 249, 256 (1975)."

The parties have stipulated (June 22, 1982) in this court:

> "1.  The taxes due under the omitted property tax assessment at issue are less than the taxes plaintiff contends were overpaid by plaintiff on improvements, machinery and equipment constituting plaintiff's sawmill during the tax years in

question. The defendant admits, for purposes of this proceeding, the truth of plaintiff's contention of overpayment of taxes on such improvements, machinery and equipment."

Defendant has conceded that the overpayments on the improvements (buildings, machinery and equipment) equalled or exceeded the amount of the value of such property plus the dollar amount of the assessments on the leased property as subsequently claimed by the county assessor under the omitted property statute.

Under the circumstances of this case, the court concludes that the doctrine of recoupment should apply. This doctrine is recognized in Oregon. *Welch Holding Co. v. Galloway,* 161 Or 515, 89 P2d 559 (1939).

■ In the court's view, the usual rule that "recoupment does not permit one transaction to be offset against another" is not vitiated in this instance. While the taxpayer was negligent in the handling of its property tax assessments, failing to note what exactly was covered by the statements on which taxes were paid, the county assessor was equally negligent in failing to tax, simultaneously, the leasehold from the municipality to which the omitted property statute was applied. In the usual and normal course of assessment, both aspects of the property (land and improvements) would have gone out on a single tax statement each year and the problem which presently confronts the court would have been avoided.

It appears to the court to be unconscionable that a taxing agency, through its negligence, could be permitted to tax the same property twice in the same tax year. The legislature could never have intended such a result when it enacted ORS 311.207. What is asserted by the department to be two transactions should have been one transaction and would have been in the normal course.

■ Plaintiff is not entitled to a refund but it is entitled to recoup through the offsetting of its overpaid taxes against the dollar amount of the claims of the county assessor with regard to the omitted property. This conclusion voids the necessity of payment of additional taxes and interest for the years involved and nothing remains to be done except for the

Director of Records and Assessments in Hood River County (the "county assessor") to correct the assessment and tax rolls of the county for the years in question to show that no further taxes or interest are owed by the plaintiff for the leased land for such years. The court's decree shall so provide.

Each party shall pay its own costs. Plaintiff's claim for attorney fees is not sanctioned by the statutes.