IN THE OREGON TAX COURT
MAGISTRATE DIVISION

Gary R. FERSCHWEILER,
*Plaintiff,*

*v.*

CLACKAMAS COUNTY ASSESSOR,
*Defendant.*

(TC-MD 010336C)

Gary R. Ferschweiler, Plaintiff, argued the cause *pro se*.

Fred Dodd, Appraiser II, Clackamas County Assessor's Office, argued the cause for Defendant.

Decision for Defendant rendered August 17, 2001.

**DAN ROBINSON, Magistrate.**

This matter is before the court on the agreement of the parties that the real market value (RMV) of Plaintiff's general-purpose outbuilding, built. in 1999, should be reduced from $26,580 to $17,060. Because the appeal was filed directly with this court and Plaintiff did not first seek relief from the Clackamas County Board of Property Tax Appeals (the board), as required by ORS 309.026[1] and ORS 309.100, the court cannot order a reduction in value unless the provisions of ORS 305.288 are satisfied. *Seifert v. Dept. of Rev.*, 14 OTR 401, 404 (1998).

A hearing was held by telephone on July 18, 2001, to discuss the appeal. Plaintiff appeared on his own behalf. Defendant appeared through Fred Dodd, Appraiser II, Clackamas County Assessor's Office. For the reasons set forth below, the court finds it cannot reduce the value pursuant to the parties' agreement.[2]

## STATEMENT OF FACTS

The building that forms the basis of the controversy was built by a contractor and the reported costs, presented in

---

[1] All references to the Oregon Revised Statutes (ORS) are to 1999.

[2] It is the court's understanding that the parties are pursuing administrative relief from the Oregon Department of Revenue under the provisions of ORS 306.115 and the corresponding administrative rule.

some detail, include both labor and materials. The county's representative, a qualified appraiser with years of experience, was impressed by the information presented by Plaintiff and believed, in his professional judgment, that the $17,000 cost fairly represented the market value of the building. However, before recommending a reduction in value, Dodd asked the court whether the 20 percent error rule set forth in ORS 305.288 applied to one of several buildings that contributed to the overall improvement value appearing on the assessment and tax rolls.

The RMV of the subject property for the 2000-2001 tax year is $399,550, with $249,790 ascribed to the "buildings"[3] and the balance to the land. The reported building value is comprised primarily of a dwelling and an outbuilding, with a nominal value ($2,330) assigned to "PAV" and "CONCP." As indicated above, the parties agree the value of the outbuilding should be reduced from $26,580 to $17,060. The reduction would amount to a 35.8 percent decrease in the value of that building, but only a 3.8 percent reduction in the total building value (and a considerably smaller percentage reduction in the total RMV).

## ANALYSIS

■■ The legislature has provided a method by which a property owner can seek to have the value of his property reduced. ORS 309.026 and ORS 309.100. The process begins with a petition to the board on or before December 31 of the current tax year. ORS 309.100(2). The board's determination is recorded by formal order and may be appealed to the Magistrate Division of the Oregon Tax Court. ORS 309.110(1) and (7). The appeal must be filed within 30 days from the date the order is mailed. ORS 305.280(4). Plaintiff in this case did not petition the board but instead came directly to the court. But for the provisions of ORS 305.288, the case would be dismissed as untimely. However, perhaps in recognition of the realities of life, which are that deadlines are missed, the legislature provided an avenue of relief to those who fail to follow the statutory right of appeal as set forth above. *See generally* ORS 305.288. The opportunity, though, is not without

---

[3] That is the designation on the property tax statement.

restriction. In order for the court to reduce the value under that statute, a taxpayer must either allege an error in value of at least 20 percent or establish good and sufficient cause for failing to pursue the statutory right of appeal. The inquiry in this case centers on the 20 percent error rule because Plaintiff acknowledges that he simply misunderstood the deadline for petitioning the board. That situation, while not at all uncommon, falls outside the statutory definition of a good and sufficient cause. *See* ORS 305.288(5)(b). As indicated above, the magnitude of the error agreed to by the parties exceeds 20 percent if measured against the roll value of the building itself but falls short of that threshold if measured against the total improvement value (RMV) or total property value (land and improvements).

The specific provision at issue provides, in relevant part, as follows:

"(1)   The tax court shall order a change or correction applicable to a separate assessment of property to the assessment and tax roll * * * if all of the following conditions exist:

"(a)   For the tax year to which the change or correction is applicable, the property was or is used primarily as a dwelling (or is vacant) and was and is a single-family dwelling, a multifamily dwelling of not more than four units, a condominium unit, a manufactured structure or a floating home.

"(b)   The change or correction requested is a change in value for the property for the tax year and it is asserted in the request and determined by the tax court that the difference between the real market value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent."

ORS 305.288.

■■   The question presented is whether the 20 percent error provision in paragraph (b) above can be applied to one of several buildings on a single property tax account. Looking broadly at subsection (1), the legislature authorized the court to order a change in value "applicable to a separate assessment of property **to the assessment and tax roll**" where

the court finds under subsection (1)(b) "that the difference between the real market value of the property * * * and the real market value **on the assessment and tax roll** * * * is equal to or greater than 20 percent." ORS 305.288(1), (1)(b) (emphasis added). That suggests that the provision applies to only the components of value which the assessor, by law, must place on the rolls.

■■ By law the assessor is required to set down on the assessment roll only the RMV of the land and the "real market value of all buildings, structures, and improvements thereon." ORS 308.215(1)(e) and (f); *see also Nepom v. Dept. of Rev.*, 272 Or 249, 536 P2d 496 (1975). The Tax Court has held that this provision requires only a single number for the total value of all buildings and improvements. *Poddar v. Dept. of Rev.*, OTC-RD No. 3773 (Jun 10, 1997),[4] *rev'd on other grounds*, 328 Or 552, 983 P2d 527 (1999). Moreover, although the Supreme Court in *Poddar* overturned the lower court's determination and held that a taxpayer may appeal the value of only some of the buildings on the lot, the taxpayer in that case had properly followed the statutory right of appeal and therefore ORS 305.288 was not being considered. *Id.* at 559. In fact, there is *dicta* in *Poddar* pertaining to the statute the court was construing in that case that lends at least some support for the court's conclusion in this case. In discussing the Department of Revenue's (the department) argument in *Poddar* that a taxpayer had to appeal the value of all, rather than just some, of the buildings on the property, the court noted that an earlier version of the statute there under consideration (ORS 309.100 (1989)), which referred to the value placed "on the roll," may have supported the department's position. However, removal of the quoted language by the legislature in 1993 was found by the court to have undermined the department's argument. *Id.* at 559. Likewise, the statute here at issue twice refers to the value on "the assessment and tax roll." ORS 305.288(1), (1)(b).

---

[4] "Where there are multiple buildings, structures, and improvements for a single account, the statute requires the assessor to enter a single improvement value on the roll."

*Poddar v. Dept. of Rev.*, OTC-RD No. 3773 (Jun 10, 1997), *rev'd on other grounds*, 328 Or 552, 983 P2d 527 (1999).

■ In light of the above, the court concludes that the 20 percent error provision found in ORS 305.288(1) does not apply to one of several buildings that collectively comprise the building value component of the total RMV for a single tax account unless that amount, when subtracted from the total improvement value, amounts to an error in value of at least 20 percent. Applied to this case, the court cannot accept the parties' stipulated reduction because the indicated error in the value of the outbuilding, when measured against the total improvement value, amounts to only 3.8 percent. Again, the statute provides that "[t]he tax court shall order a change or correction applicable to a **separate assessment of property**," and property is assessed by land and buildings, one number for each category. ORS 305.288(1) (emphasis added).

### CONCLUSION

The court has carefully considered whether it may (or shall), under the provisions of ORS 305.288(1)(a) and (b), accept a stipulated value reduction for an outbuilding situated on a residential lot that also includes a home and concludes it may not because the magnitude of the error, when measured against the value of all the buildings (the home and outbuilding), does not meet the statutory threshold of 20 percent. That is so in spite of the fact that the reduction to the outbuilding itself greatly exceeds 20 percent. Now, therefore,

IT IS HEREBY ADJUDGED AND DECREED that the requested relief is denied and the complaint is dismissed.