294 November 27, 2013 No. 37

IN THE OREGON TAX COURT
REGULAR DIVISION

WILLAMETTE ESTATES II, LLC,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant*,

*and*

MARION COUNTY ASSESSOR,
*Defendant-Intervenor.*

(TC 5146)

Plaintiff (taxpayer) appealed from a Magistrate Division decision as to real market value of property in Marion County. Defendant-Intervenor (the county) filed a property appeal petition with Defendant (the department), requesting that the department increase the RMV of the land in the subject account. The department accepted jurisdiction pursuant to ORS 306.115 based on the written submissions of the parties, and subsequently increased the RMV of the land for the 2007-08 tax year without holding a merits conference. Taxpayer appealed the decision of the department (the first supervisory appeal), asserting that the decision of the department was wrong for several reasons, including an argument that the department did not have jurisdiction of the matter because under its rule there was not an agreement of the parties as to facts indicating a likelihood of an error in the roll. Taxpayer further argued that the department erred in failing to hold a merits conference. On the question of its jurisdiction, the department raised an objection apart from the propriety of its decisions in the ORS 306.115 proceedings. The department argued that the determination of jurisdiction in the first supervisory appeal was not appealed to the Magistrate Division and was therefore a matter that could not be challenged in either the most recent appeal to the Magistrate Division or in the appeal to the Regular Division. Granting the department's motion, the court ruled that the department's conclusions as to its jurisdiction in the first supervisory appeal, and that of the RMV of the land were proper and not an abuse of its discretion.

Oral argument on cross-motions for summary judgment was held June 3, 2013, in the courtroom of the Oregon Tax Court, Salem.

Donald H. Grim, Greene & Markley PC, Portland, filed the motion and argued the cause for Plaintiff (taxpayer).

Douglas M. Adair, Senior Assistant Attorney General, Department of Justice, Salem, filed the cross-motion and argued the cause for Defendant Department of Revenue (the department).

Scott A. Norris, Marion County Counsel, Salem, filed the Answer for Defendant-Intervenor Marion County Assessor (the county).

Decision for Defendant rendered November 27, 2013.

## HENRY C. BREITHAUPT, Judge.

### I.   INTRODUCTION

This matter is before the court on cross-motions for summary judgment filed by Plaintiff (taxpayer) and Defendant Department of Revenue (the department). The 2007-08 tax year is the year at issue.

### II.   FACTS

There are no contested facts. The events leading to this appeal start with an appeal to the Magistrate Division of this court with respect to the real market value (RMV) of improvements in an account that included land and improvements (the initial value appeal).

In the initial value appeal, taxpayer asserted that the total RMV of all property in the account was $12,309,000 and that the RMV of the land in the account was slightly in excess of $5,000,000 ($5,594,000). Taxpayer also urged the court to employ a residual approach in which land RMV was subtracted from total RMV to derive RMV of improvements. On the basis of those arguments taxpayer argued that the RMV of the improvements was the difference between $12,309,000 and its contended land value of $5,594,000.

Defendant-Intervenor Marion County Assessor (the county) did not contest taxpayer's assertion as to the total RMV in the account. The magistrate who decided the case described the county as having stipulated to the RMV of all property in the account. The county did not make an independent appraisal of the land or question the expert appraiser who testified for taxpayer.

The court accepted the residual method of determining the RMV of the improvements in the account and

found a RMV for the land of $5,000,000.[1] Consequently, in the initial value appeal the court found that the RMV of the improvements was $7,309,000. No appeal was taken from that decision and a judgment as to the RMV of the improvements issued.

On or about April 16, 2009, the county filed a property appeal petition with the department, requesting that the department increase the RMV of the land in the account from $1,002,840 to $5,000,000. The department accepted jurisdiction pursuant to ORS 306.115 based on the written submissions of the parties, and subsequently increased the RMV of the land for the 2007-08 tax year to the $5,000,000 value without holding a merits conference. The department's decision necessarily implied that the total RMV in the account was $12,309,000.

Taxpayer appealed the decision of the department (the first supervisory appeal), asserting that the decision of the department was wrong for several reasons. These included an argument that the department did not have jurisdiction of the matter because, under its rule OAR 150-306.115, there was not an agreement of the parties as to facts indicating a likelihood of an error in the roll. Taxpayer also argued that the department erred in failing to hold a merits conference before finding that the RMV of the land in the account was $5,000,000.

The magistrate implicitly, although not explicitly, concluded that the department had properly taken jurisdiction of the matter but also concluded that the department had abused its discretion in not holding a merits hearing before reaching its conclusion as to the value of the land.[2]

---

[1] This compares with taxpayer's position that the land had an RMV of $5,594,000. The value for land in the account on the roll was $1,002,540. As allowed by *Nepom v. Dept. of Revenue*, 272 Or 249, 536 P2d 496 (1975) taxpayer had not appealed the value of land in the account.

[2] This court reaches this conclusion on the basis that if the magistrate in the first supervisory appeal had concluded or decided that the department had abused its discretion in taking jurisdiction of the matter, there would have been no reason or basis for addressing the issue of whether the department had erred in the action which the magistrate did find erroneous—the failure to hold a merits conference. A conclusion that jurisdiction was properly asserted is a logical and legal predicate to the decision the magistrate did make.

The magistrate then issued a decision remanding the matter to the department. No appeal from that decision was taken by taxpayer and a judgment was entered.

On remand taxpayer requested the department to reconsider its decision to take jurisdiction of the matter and made arguments on the merits. The department refused to reconsider its decision to take jurisdiction of the matter and, on the merits, adhered to its earlier decision.

Taxpayer then appealed that action of the department to the Magistrate Division (the second supervisory appeal). In this appeal taxpayer challenged the department's decision to take jurisdiction of the matter and its substantive conclusion as to the RMV of the land. The magistrate concluded that both decisions were, under an abuse of discretion standard of review, proper. It is from that decision in the second supervisory appeal that this appeal was taken.

## III.   ISSUE

The issues in this appeal are whether the department's decisions on jurisdiction and on the merits as to the RMV of the land were proper.

## IV.   ANALYSIS

This court reviews these matters *de novo*. On both issues, assuming that there are not bases for decision beyond review of the decision of the department, the scope of review of this court is for abuse of discretion on the part of the department in the supervisory proceedings.

On the question of its jurisdiction the department raises an objection apart from the propriety of its decisions in the ORS 306.115 proceedings.[3] The department argues that the determination of jurisdiction in the first supervisory appeal was not appealed to the Magistrate Division and is therefore a matter that may not be challenged in either the most recent appeal to the Magistrate Division or in this appeal to the Regular Division.

---

[3] All references to the Oregon Revised Statutes (ORS) are to 2011.

The court is inclined to accept this argument. There can be no question that the department concluded in the first supervisory appeal that it had the jurisdiction or authority to address the merits of the matter. The department's rules make clear that it must first make a decision on its jurisdiction before proceeding to a merits hearing. OAR 150-306.115(3)(d). Further, the record is clear that the department in fact concluded that it had jurisdiction over the matter. The correctness of that decision was raised by taxpayer in the first supervisory appeal. The decision of the magistrate that the department had jurisdiction was a necessary predicate to the decision of the magistrate that the department erred in failing to hold a merits hearing in the case. If taxpayer believed that the implicit decision of the magistrate on the jurisdiction question was wrong, it should have appealed that decision to this court.

The necessity of an appeal by taxpayer is based on the wording of ORS 305.501(5)(a) which states: "Any party dissatisfied with a written decision of a magistrate may appeal the decision to the judge of the tax court ***." Here, taxpayer was undoubtedly not "dissatisfied" with the conclusion of the magistrate that the matter should be remanded to the department to hold a merits hearing. However, necessarily imbedded in that conclusion was the conclusion that the department had correctly taken jurisdiction over the dispute, a conclusion with which taxpayer was "dissatisfied."

Even if the failure of taxpayer to raise the jurisdiction issue with the department, or on the first appeal following action by the department under ORS 306.115 was not a bar to a consideration by this division of the court to address the matter, the court is of the opinion that the department did not abuse its discretion in taking jurisdiction over the matter. The department is authorized to take jurisdiction by reason of agreement of the parties as to facts indicating likely error on the roll. OAR 150-306.115. The agreement need only be as to facts indicating an error, not agreement that there is an error. *Ohio State Life Ins. Co. v. Dept. of Rev.*, 12 OTR 423 (1993).

In this case there is no question that the parties, in the initial value appeal agreed that the overall RMV of

property in the account was $12,309,000. Taxpayer asserted this position and introduced evidence to support it. The county accepted that value without contest and the magistrate hearing the case concluded that the county had stipulated to that total RMV. This court is of the opinion that such actions constitute the type of agreement contemplated by the department's rule.

The second factual element about which the parties either agreed or that is beyond dispute is that taxpayer asserted, and the magistrate in the initial value appeal adopted, a residual approach in which the RMV of the land was considered to be $5,000,000. There is nothing in the record indicating that either party questioned the use of that residual approach or the value of the land used by the magistrate in arriving at a conclusion as to the RMV of the improvements. Indeed, neither taxpayer, which had argued for a somewhat different value, nor the county appealed the result of application of that approach using a land value of $5,000,000—the result of which was a finding that the value of the improvements was $7,309,000.

Finally, the agreement of the parties as to a total RMV of $12,309,000, or very close to that amount, indicates that an error is present in the figure on the property tax roll of $8,311,140. Accordingly, the department did not abuse its discretion in determining that it had jurisdiction in the matter.

The court is also of the opinion that taxpayer is estopped from maintaining otherwise. Taxpayer argued to this court in the initial valuation appeal that the residual method should be used and that the land value for use in that approach should be $5,000,000. Taxpayer prevailed in those arguments and enjoys, in the calculation of the value of the improvements, the benefits of having successfully taken those positions. That having occurred, principles of judicial estoppel prevent taxpayer from taking a different position in this proceeding in the same court.[4]

---

[4] Judicial estoppel is sometimes styled an affirmative defense. *See Petock v. Asante*, 237 Or App 113, 125, 240 P3d 56 (2010). However, the doctrine exists to defend the interests of the judicial system, rather than the interests of litigants. *See Hampton Tree Farms, Inc. v. Jewett*, 320 Or 599, 609, 892 P2d 683 (1995) (*citing Edwards v. Aetna Life Ins. Co.*, 690 F2d 595, 599 (6th Cir 1982). While the

Taxpayer next argues that the department may not act under ORS 306.115 when a county assessor initiates proceedings under the statute. Taxpayer asserts that the county assessor should not be permitted to appeal his own decisions. In this argument taxpayer ignores the fact that proceedings under ORS 306.115 are not appeals. *Dept. of Rev. v. Oral and Maxillofacial Surgeons*, 15 OTR 284 (2001). Taxpayer also does not take into account that nothing in the statutory language of ORS 306.115 supports its position. The statute focuses on the role of the department in correcting errors on the property tax rolls when it comes to the attention of the department that there may be an error. The statute is neutral as to who or what brings to the attention of the department information on the basis of which the department, in its supervisory role, may act to correct property tax rolls. Indeed, OAR 150-306.115(1) provides:

"(1)   ORS 306.115 is an extraordinary remedy that gives the Department of Revenue authority to order a change or correction to a separate assessment of property. An assessor or taxpayer may request a change or correction by filing a petition with the department. A petition must meet the requirements of OAR 150-306.115-(A)."

No argument has been provided to the court that this rule is invalid. Taxpayer's arguments in this regard are not well taken.

Taxpayer next argues that if the county is able to prevail in this proceeding, the purposes of the decision in *Nepom v. Dept. of Revenue*, 272 Or 249, 536 P2d 496 (1975) will be frustrated. In *Nepom* the Supreme Court held that under the appeal provisions of the property tax statutes, a taxpayer could appeal improvement value without also appealing land value. Nothing in this decision prevents a taxpayer from doing just that in the future.[5] However, if

department has not raised judicial estoppel as an affirmative defense in this proceeding, the court considers that where, as here, a party has obtained a benefit in a prior judicial proceeding by assuming a particular position on an issue, the principles informing the doctrine of judicial estoppel require that the court not permit that same party to take an inconsistent position on the same issue in a subsequent judicial proceeding.

[5] The court notes that the provisions of ORS 305.287 provide that if such a partial appeal is taken, the county assessor may bring other issues for decision in the case.

a taxpayer does pursue such an appeal taking the type of positions taken here and on a similar factual record, that taxpayer will not be able to prevail in challenging a separate proceeding and action by the department under ORS 306.115.

Finally, taxpayer asserts that the action of the department improperly interferes with or changes the judgment of this court in the initial value appeal, suggesting that the magistrate in that proceeding entered a judgment as to the RMV of the land in the property tax account or the total RMV for all property in the tax account. That is not the case. The judgment entered after the conclusion of the initial value appeal addressed only the RMV of the improvements in the property tax account. It could have done nothing further as the only appeal taken by taxpayer, as permitted under *Nepom*, was as to the value of the improvements. The decision of the department in this proceeding does nothing to affect the value on the roll of those improvements.

Taxpayer has not asserted that the substantive decision of the department in the ORS 306.115 proceeding was beyond the discretion of the department, and it was not.

## V. CONCLUSION

The cross-motion of the department is granted and the motion of taxpayer is denied. Now, therefore,

IT IS ORDERED that Defendant's cross-motion for summary judgment is granted; and

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is denied.