IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

ANTHONY VASQUEZ, )
and STEPHANIE VASQUEZ, )
 )
        Plaintiffs, )  TC-MD 240109N
 )
    v. )
 )
WASHINGTON COUNTY ASSESSOR, )
 )
 )  **ORDER GRANTING SITE**
        Defendant. )  **INSPECTION**

This matter came before the court on Defendant's Motion to Compel for Interior Inspection and Production of Documents (motion to compel) filed April 29, 2024. The court and parties discussed Defendant's motion to compel during case management conferences held on May 7, 2024, and June 4, 2024. Plaintiffs permitted an exterior inspection of property identified as Account R2074589 (subject property) but continued to oppose Defendant's request for a full interior inspection. Plaintiffs filed their argument against Defendant's motion to compel (response) on July 12, 2024. At the third case management conference held on July 16, 2024, the court orally granted Defendant's motion to compel a site inspection.

I.    STATEMENT OF FACTS

Plaintiffs appeal the value of the subject property for the 2023-24 tax year. (*See* Compl at 1.) Specifically, Plaintiffs challenge "the amount of increased RM[V] of $55,450." (*Id*.) They initially described the value increase as due to "omitted value" but later clarified that it is "exception value." (*See id.* at 1, Ptfs' Resp at 1.) The 2023-24 exception value was added after Plaintiffs installed a swimming pool. (*See id.*) Defendant requested a site inspection to evaluate the subject property's real market value, explaining that "the entire value of the Subject is at

issue" and that "Defendant is substantially disadvantaged by the plaintiffs' refusal to allow" a site inspection. (Def's Mot to Compl at 2.) Plaintiffs allowed an external examination of the pool but did not grant Defendant entry into the home to inspect the interior. Plaintiffs maintain that a full interior inspection of the subject property is irrelevant and offered to stipulate to a 2023-24 total real market value of $567,800, challenging only the exception value.[1] (Ptfs' Resp at 1.) To date, Defendant has not accepted Plaintiffs' offer to stipulate to total real market value.

## II. ANALYSIS

The issue before the court is whether to grant Defendant a full interior inspection of the subject property.

Discovery is permitted in the Magistrate Division of the court and a party may request that the court compel a site inspection if the party has been unable to obtain a site inspection through a written request to the other party. *See* Tax Court Rule-Magistrate Division (TCR-MD) 9 B(2). The court may sanction a party that withholds information. *Id.* at 9 C. Discovery is part of the "adversarial process, in which each party gathers its facts about the value of the property and presents them to the court in the manner the party considers most persuasive." *Salisbury v. Department of Revenue,* 24 OTR 497, 511 (2021). By inspecting the subject property, the county can gather evidence to present to the court. *Id.* at 512. When a taxpayer denies the county an opportunity to inspect the subject property, that forecloses the court's ability to determine the correct value of the property under ORS 305.412.[2] *Id.* Thus, an inspection of the subject property is generally permitted where real market value is at issue.

Plaintiffs argue that an inspection is unnecessary in this case because the issue is not total

---

[1] The subject property's 2023-24 tax roll real market value, sustained by the board of property tax appeals, was $623,250. (Compl at 3.) That amount includes the 2023-24 exception value of $55,458. (*See id.*)

[2] All references to Oregon Revised Statutes (ORS) are to the 2021 edition unless otherwise noted.

real market value, but rather exception value. (*See generally* Ptfs' Resp.) Specifically, Plaintiffs make three arguments opposing Defendant's request for an interior inspection. First, Plaintiffs argue that ORS 309.100(1) applies and does not require a party to challenge the total value "placed on all improvements to state a claim." (*Id.* at 2.) Second, Plaintiffs argue that *Nepom v. Department of Revenue,* 272 Or 249, 536 P2d 496 (1975) allows taxpayers to separately appeal the value of land or improvements. (*Id.*) Third, Plaintiffs argue that *Bylund v. Department of Revenue,* 292 Or 582, 641 P2d 577 (1982) allows parties to stipulate to some value issues and dispute others. (*Id.*) The court will address each argument in turn.

First, ORS 309.100(1) authorizes an appeal to the board of property tax appeals (board), not the tax court.[3] Even if ORS 309.100(1) applied to appeals to this court, Plaintiffs have identified no statutory language in ORS 309.100(1) or elsewhere that supports their argument that appeals may be limited to exception value only.

Second, *Nepom* held that a taxpayer may separately appeal one component of value – land or improvements – consistent with the assessor's duty to separately state those two components on the assessment roll. 272 Or at 254-56. Exception value is not one of the two separately stated components of value. Rather, exception value reflects the change in the real market value that is attributable to new property or new improvements to property. Or Const, Art. XI, § 11; ORS 308.149(6)(a); *see also Hoxie v. Department of Revenue,* 15 OTR 322, 326 (2001) (exception value of new improvements defined as "changes in value" of improvements).[4]

---

[3] Appeals to the tax court are from an order of the board. *See* ORS 309.110(7). The name of the board was changed to "property value appeals board" in 2023, effective July 1, 2024. *See* Or Law 2023 ch 29, sec 41, 43.

[4] Although maximum assessed value is generally limited to a three percent annual increase, six enumerated exceptions known as "exception events" may increase the maximum assessed value by more than three percent during the tax year. Or Const, Art. XI, § 11; *Rankin v. Multnomah County Assessor,* TC-MD 180080G, 2019 WL 6836008 at *4 (Or Tax M Div, July 22, 2019). One such exception is for new property or new improvements.

Here, the 2023-24 exception value reflects the increase in the subject property's real market value due to the construction of a new pool. Under *Nepom*, Plaintiffs' appeal could be limited to only the improvements value, but that value includes both the home and pool. Even under a limited appeal of the improvements value, an inspection of the home would be permitted as likely to lead to relevant evidence of the 2023-24 improvements value.

Since *Nepom* was decided, the legislature enacted ORS 305.287 in 2011. It states in part:

> "Whenever a party appeals the real market value of one or more components of a property tax account, * * * any other party to the appeal may seek a determination from the body or tribunal of the total real market value * * * of any or all of the other components of the tax account * * *."

ORS 305.287 applies to appeals to this court. *See Village at Main Street Phase II, LLC v. Dept. of Rev.*, 356 Or 156, 339 P3d 428 (2014) (ORS 305.287 applies in Magistrate Division appeals). ORS 305.287 negates the impact of *Nepom* by allowing a party to place the total real market value at issue where the plaintiff appeals only one component of value. Even if the court agreed with Plaintiffs that exception value is a component of value under *Nepom*, ORS 305.287 permits Defendant to place the entire real market value of the account at issue.

Finally, *Bylund* involved a dispute about the proper treatment of tenant improvements where the parties had stipulated to the total real market value. 292 Or at 578. *Bylund* is distinguished from this case because the parties *stipulated* to the total real market value. Here, the parties have not stipulated to any values or otherwise agreed to narrow the issues before the court. Thus, *Bylund* does not provide any basis to narrow the issues in this case.

### III. CONCLUSION

Upon careful consideration, the court concludes that a full interior site inspection is likely to yield relevant evidence of the subject property's 2023-24 real market value, and ultimately allows the court to determine any increase in value due to new improvements. Now, therefore,

IT IS ORDERED that Defendant's motion to compel is granted. Plaintiffs must allow a site inspection within 30 days of the date of this Order, or the case will be dismissed.

Dated this ____ day of July, 2024.

_____

***This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.***

***This Order was signed by Presiding Magistrate Allison R. Boomer and entered on July 25, 2024.***