IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

MPA LLC,                                    )
                                           )
          Plaintiff,                       )   TC-MD 250129G
                                           )
     v.                                    )
                                           )
MULTNOMAH COUNTY ASSESSOR,                 )
                                           )   **ORDER ON PLAINTIFF'S MOTION TO**
          Defendant.                       )   **INCLUDE ADDITIONAL PARCEL**

This matter came before the court on Plaintiff's Motion to Include Additional Parcel,

filed September 24, 2025.  Plaintiff seeks to add another tax account to this appeal: a parking lot

behind the subject with street access.  Plaintiff did not petition the property value appeals board

to reduce the 2024-25 value of that "additional parcel" and has not alleged any cause for not

doing so.  Defendant objects.

Plaintiff invokes what it terms the "one economic unit theory" to justify its request.  That

appears to be a reference to ORS 305.287, which allows the expansion of an appeal's scope

where the property appealed is a component of a larger "unit of property."[1]  ORS 305.287 states:

> "Whenever a party appeals the real market value of one or more
> components of a property tax account, or accounts that constitute a unit of
> property within the meaning of ORS 310.160 (1), any other party to the appeal
> may seek a determination from the body or tribunal of the total real market value
> of the unit of property, the real market value of any or all of the other components
> of the tax account or the unit of property, or both."

 ORS 310.160(1) defines a "unit of property" as consisting of "all contiguous property within a

single code area in the county under common ownership that is used and appraised for a single

/ / /

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2023.

integrated purpose, whether or not that property is taxed as a single account or multiple accounts."

Importantly, ORS 305.287 grants the right to seek a determination of additional accounts' values to "any other party"--that is, any party other than the one that originally "appeals the real market value of one or more components." When ORS 305.287 was enacted in 2011, it modified the rule of *Nepom v. Dept. of Revenue*, 272 Or 249, 256, 536 P2d 496 (1975), by which a plaintiff was entitled to limit the scope of a valuation appeal to a property component. *Village at Main St. Phase II v. Dept. of Rev.*, 356 Or 164, 169-170, 339 P3d 428 (2014). After Measure 50 introduced limits on assessed value increases, the rule of *Nepom* acted to dramatically "curb the assessor's ability to adjust any error in valuation of any assessment components that a taxpayer elected not to challenge." *Id*. ORS 305.287 moderates that result by giving the defendant the same right to determine which components of a unit of property should be valued that the plaintiff has when a plaintiff files an appeal. It does not give plaintiffs dissatisfied with their own complaints a second chance to define an appeal's scope.

Therefore, Plaintiff has no statutory right to add another property account to this appeal under ORS 305.287. In this case, that right belongs only to Defendant.

Although leave to amend a complaint "will be freely given when justice so requires," Tax Court Rule (TCR) 23 A, Plaintiff has not shown that justice requires including another parcel here. As a general matter, the rule of *Nepom* presupposes there is no injustice in limiting a valuation appeal to a component. Such limited appeals remain permissible under ORS 305.287, which does not require defendants to seek valuation of all components together, but rather allows them to add "any or all of the other components." Furthermore, as Defendant points out, a rule that allowed plaintiffs to add components not previously petitioned to county property value

appeals boards would create the potential for circumventing the statutory appeal process. Leave to amend under TCR 23 A is not granted. Now, therefore,

IT IS ORDERED that Plaintiff's Motion to Include Additional Parcel be and hereby is denied.

POUL F. LUNDGREN
MAGISTRATE

*__This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.__*

*__This document was signed by Magistrate Poul F. Lundgren and entered on October 28, 2025.__*