## ROBERT B. AND CONSTANCE H. WILSON *v.*
## COMMISSION

William D. Cramer, Cramer & Gronzo, Burns, Oregon, represented plaintiffs.

Alfred B. Thomas, Assistant Attorney General, Salem, Oregon, represented defendant.

Decision for plaintiffs rendered November 12, 1968.

EDWARD H. HOWELL, Judge.

This case involves the true cash value as of January 1, 1967, of certain real property owned by plaintiffs in Harney County.

The valuation of the property involved, a cattle ranch known as the Alvord Ranch, was previously before the tax court for the tax year 1964. At that time the court determined the true cash value of the property to be $900,000. The assessor carried that valua-

tion forward for 1965. For the 1966 roll the assessor raised the value over the previous year. The plaintiffs attempted to appeal to the tax court but the case was dismissed because the plaintiffs had not appealed first to the State Tax Commission. In 1967 the assessor used a value of $1,101,780 for plaintiffs' property on the assessment roll and plaintiffs appealed to the commission and this court.

The plaintiffs' primary contention is that the value of $900,000 placed on the property by the court for 1964 and used by the assessor for 1965 should also be the value used by the assessor for the year 1967. To support their position the plaintiffs contend that the county assessor conceded at the hearing before the tax commission that the increase was not based upon any material change in value or upon any new facts. Therefore, the plaintiffs argue, the assessor should have used the 1964 and 1965 values of $900,000 for the 1967 roll.

■ This court is not bound by any stipulation, concession or evidence given by anyone in a hearing before the commission because trials in the tax court are de novo proceedings under ORS 305.425.

■ The true cash value of plaintiffs' property as found by the court for 1964 does not establish the value of the property for succeeding years. Each tax year stands by itself. The decree of the tax court fixing the value of the property for 1964 is evidence of value which may be used in subsequent years, but it is evidence only. *Mittleman v. Comm.*, 2 OTR 105 (1965).

While the assessor admitted that there had not been any material changes in value since 1964, testimony was produced that there had been a general increase in the value of all property in Harney County

since 1964. A witness for the tax commission testified that a five percent increase per year was reasonable as a trending factor for the entire county. However, the same witness also admitted that the increase in the area of the plaintiffs' property was not as great as it was in other parts of the county. A three percent increase each year over the $900,000 valuation last used by the assessor for January 1, 1965 would appear reasonable under the circumstances. The value of plaintiffs' property involved herein is set at $954,000 for January 1, 1967.