# IN THE OREGON TAX COURT

## WYNNE
*v.*
## DEPARTMENT OF REVENUE
(TC 1893)

Steven E. Wynne, Lindsay, Hart, Neil & Weigler, Portland, represented plaintiff.

Theodore W. de Looze, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered February 1, 1984.

**SAMUEL B. STEWART, Judge.**

The plaintiff's appeal alleged that the Klamath County Assessor (hereinafter assessor) was without standing under ORS 305.275 to appeal to the Department of Revenue from an order of the Klamath County Board of Equalization (hereinafter board) sustaining the true cash value as found by the assessor of plaintiff's real property and, as a result, the defendant had no jurisdiction to hear the assessor's appeal.

The assessor determined that the true cash value of the subject property on January 1, 1981, was $134,815. The

plaintiff appealed that valuation to the board and the board sustained the value on the tax rolls.

The assessor appealed the board's order to the Department of Revenue, alleging that the true cash value of the subject property was $151,400 on January 1, 1981. At the Department of Revenue hearing, the assessor asserted that the true cash value of the subject property was $192,000 on January 1, 1981. The department sustained the assessor's allegations and ordered that the tax rolls reflect the increase in valuation of the subject property to $192,000.

ORS 305.275(2) provides that:

> "A taxpayer or county assessor who is aggrieved by an order of a county board of equalization, may appeal from the order in the manner provided in this section."

The plaintiff quotes Black's Law Dictionary 87 (Rev 4th ed, 1968) which defines "aggrieved" as "[h]aving suffered loss or injury."

The defendant alleges that the assessor discovered the subject property to be undervalued between the time the valuation was placed on the rolls and the time the board met; therefore, the assessor petitioned the board for a higher true cash value. The defendant alleges that when the board sustained the valuation placed upon the tax rolls, the assessor was aggrieved which gave him standing to appeal to the department under ORS 305.275(2).

The legislature has provided statutory guidelines for correcting errors or omissions in the tax roll after it is returned to the assessor from the county board of equalization. ORS 311.205(1)(a) allows the assessor to correct a clerical error but subsection (1)(b) directs that:

> "He may not correct an error in valuation judgment. Such errors are those where the assessor would arrive at a different opinion of value after the roll has been returned to him by the board."

The plaintiff appealed to the board from the assessor's valuation judgment of $134,815 (for an assessed value of $113,780) as evidenced by the tax rolls. This valuation judgment of the assessor was sustained by the board. It would thwart clear legislative intent, as stated in ORS 311.205(1)(b),

if the assessor could correct a perceived error in his judgment by appealing that higher value to the Department of Revenue.

Having valued the subject property at $134,815 as of January 1, 1981, and being statutorily foreclosed from increasing that value judgment, the assessor was not "aggrieved" when the board sustained the valuation on the tax rolls.

Pursuant to ORS 305.275(2), the assessor was without standing to appeal to the Department of Revenue and, accordingly, the department lacked jurisdiction to hear the appeal. Therefore, defendant's Opinion and Order No. VL 82-1032 is hereby set aside and the assessed value of the subject property is restored to that value sustained by the board with the result that, on January 1, 1981, the subject property had a true cash value of $134,815 (land at $59,640 and improvements at $75,175) with an assessed value of $113,780 (land at $50,330 and improvements at $63,450).