Argued and submitted July 11, reversed and remanded August 21, 1984

## MID OIL COMPANY,
*Respondent,*

*v.*

## DEPARTMENT OF REVENUE,
*Appellant.*

(SC S30747; TC 1607)

686 P2d 1020

Samuel B. Stewart, Judge.

G. F. Bartz, Assistant Attorney General, Salem, argued the cause and filed brief for Appellant. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

No appearance for Respondent.

LINDE, J.

**LINDE, J.**

The Department of Revenue appeals from a decision of the Oregon Tax Court that confined the parties disputing the value of plaintiff taxpayer's property to the values alleged in proceedings before the department. The issue is whether the statutes governing appeals of property tax assessments so limit the court's determination of the "true cash value" of property for purposes of taxation. ORS 308.232.[1] Because we conclude that the statutes do not so confine the proceedings before the court, we reverse the decision and remand the case to the tax court to make such a determination.

The property in question is the land and improvements of five service stations in Lane County. The taxpayer appealed the values set by the Lane County Board of Equalization to the Department of Revenue. After a hearing, the department increased the value of the land at each of the five sites.[2] On appeal to the tax court, the taxpayer realleged the

---

[1] ORS 308.232:

"All real or personal property within each county shall be valued at 100 percent of its true cash value and shall be assessed at a percentage of its true cash value as provided in ORS 309.160."

[2] The following were the values set by the Board of Equalization and pled by the taxpayer before the department:

| Account No. | | Board | Petitioner |
|---|---|---|---|
| 44816 | Land | $ 11,730 | $ 10,500 |
| | Improvements | 33,820 | 15,000 |
| | Total | $ 45,550 | $ 25,500 |
| 461630 | Land | $ 64,840 | $ 39,700 |
| | Improvements | 47,240 | 19,500 |
| | Total | $112,080 | $ 59,200 |
| 280139 | Land | $113,680 | $ 92,000 |
| | Improvements | 22,500 | 7,500 |
| | Total | $136,180 | $ 99,500 |
| 630283 | Land | $107,700 | $ 85,000 |
| | Improvements | 46,550 | 12,500 |
| | Total | $154,250 | $ 97,500 |
| 437358 | Land | $ 38,890 | $ 35,000 |
| | Improvements | 37,430 | 10,500 |
| | Total | $ 76,320 | $ 45,500 |

values that it had alleged before the department, and the department's answer prayed for affirmance of its order.

The tax court held that it would restrict both parties to the values alleged in the proceedings before the department, set out in note 2, *supra. Mid Oil Company v. Department of Revenue,* 9 OTR 381 (1984). The court based this holding on ORS 305.425(3), which states that in "proceedings to set aside an order or determination of the department * * * the issues of fact and law shall be restricted to those raised by the parties in the appeal to the department."

The department contends that this is an incorrect interpretation of ORS 305.425. It observes that the statute provides that tax court proceedings "shall be original, independent proceedings and shall be tried without a jury and de novo," ORS 305.425(1), and it argues that in a property valuation case, the "issue" is the true cash value of the property. Therefore ORS 305.425(3) does not further restrict this issue to the values previously alleged by the taxpayer and the assessor on the appeal to the department.

■      The tax court's opinion reviewed an early decision holding that in conducting *de novo* review, the tax court is bound by any stipulation, concession or evidence given by anyone in a prior agency hearing. *Wilson v. Commission,* 3 OTR 312, 313 (1968). The court, however, discerned a modification of this view in *Bauman et al v. Dept of Rev,* 6 OTR 426 (1976), which held that the issues on de novo review were defined by the pleadings, and that the department had to plead an increased true cash value if it intended to prove it. The legislature changed this constraint by an amendment to ORS 305.435 in 1977.[3] Finally, the tax court noted that in 1977

---

After taking evidence, the department ordered Lane County to use these values:

| Account Number | Land | Improvements | Total |
|---|---|---|---|
| 44816 | $ 28,600 | $32,550 | $ 61,150 |
| 461630 | 70,080 | 41,200 | 111,280 |
| 280139 | 133,600 | 17,720 | 151,320 |
| 630283 | 129,210 | 26,960 | 156,170 |
| 437358 | 43,750 | 23,760 | 67,510 |

[3] Oregon Laws 1977, chapter 870, section 30 added the following language to ORS 305.435:

it stated that either party could change its presentation in the court from that before the department if the changes would "aid in reaching the goal of true cash value." *Price v. Dept of Rev,* 7 OTR 18, 23 (1977).

■        In the present case, however, the tax court concluded that its past interpretation of "de novo" review was undercut by this court's opinion in *Pacific Power & Light Co v. Dept of Rev,* 286 Or 529, 596 P2d 912 (1979). The tax court quoted from that opinion a sentence at 286 Or 533: "[W]hether in any given assessment one approach should be used exclusive of the others or is preferable to another or to a combination of approaches is a question of fact." The tax court continued by stating that, from this sentence, "it necessarily follows that ORS 305.425(3) precludes either party subsequently modifying his, her or its position as to the true cash value of the property or as to the valuation approach or approaches utilized on appeal to the department." *Mid Oil Company v. Department of Revenue, supra* 9 OTR at 387.

That supposed consequence is a misreading of the quoted sentence from *Pacific Power & Light Co.* The full sentence concerned the effect of ORS 308.205 and a departmental rule referring to the market data, cost and income approaches to valuing real property. The sentence read:

> "While, under the statute and rule, it is allowable for defendant to use only one approach in valuing property, whether in any given assessment one approach should be used exclusive of the others or is preferable to another or to a combination of approaches is a question of fact to be determined by the court upon the record."

*Public Power & Light Co v. Dept of Rev, supra* 286 Or at 533. The sentence merely stated the familiar rule that when the

---

"Where the determination of true cash value or the correct valuation of any property subject to special assessment is an issue before the court, the court has jurisdiction to determine such value on the basis of the evidence before it, without regard to the values pled by the parties."

In testimony before the House Revenue and School Finance Committee, Ted deLooze, of the Department of Revenue, explained that the department had drafted this amendment in response to a tax court decision that "the word 'modify' doesn't mean it can raise the [true cash] value" on appeal. Hearings on SB 833 Before the Oregon House Revenue and School Finance Committee, 1977 Or Leg Assemb, Reg Sess (June 24, 1977).

law permits various approaches to appraisal, the court will look to the testimony of the witnesses and other evidence introduced in the record rather than to precedents to determine which approach should be used in the case before it. In describing this as a "question of fact" the court meant to distinguish it from a "question of law"; we did not hold that these details of approach and values also were the "issues of fact and law" that, under ORS 305.425(3), "shall be restricted to those raised by the parties in the appeal to the department." In *Pacific Power & Light Co.,* in fact, the tax court allowed the department to submit increased appraisals based on changes in approach and further allowed the department's motion to amend its answers and submit increased appraisals during the tax court proceedings. 286 Or at 532.

In the present case, the tax court acknowledged that it was departing from the rule heretofore followed, but it expressed the view that a rule precluding either party from changing the position it took before the department was more "just and equitable." Whether or not one agrees with that view, the tax court's alternative rule impinges upon the court's statutory assignment to conduct proceedings that "shall be original, independent * * * and de novo." ORS 305.425(1). An "original" proceeding presumably would contemplate issues framed by original pleadings, if ORS 305.425(3) did not restrict the "issues of fact and law to those raised by the parties in the appeal to the department." But we think the restriction referred to ultimate issues of fact and law—the meaning of a statute or regulation, the ascertainment of taxable value or income, or constitutional issues. We do not understand "issues of fact" in the statute to mean the same as "a question of fact," as that phrase was used in the sentence quoted from *Pacific Power & Light Co, supra,* and thereby to tie the parties to every approach to valuation and every assertion of fact that they may have maintained before the department.

In any event, the quoted sentence was not intended to change the tax court's prior practice in exercising its responsibility for making an original, independent and de novo determination of value in property tax cases, as those words had been understood before *Pacific Power & Light Co v. Dept of Rev, supra.* Accordingly, the judgment of the tax court is

reversed and the case is remanded to that court for such a determination.