IN THE TAX COURT OF THE
STATE OF OREGON

Stanley E. CLARK
and E. Kay Clark
*and*

Durell Williams
and Virginia Williams, Trustees

*v.*

DEPARTMENT OF REVENUE

(TC 4061)

Stanley E. Clark, Redmond, represented Plaintiffs (taxpayers).

Joseph Laronge, Assistant Attorney General, Department of Justice, Salem, represented Defendant (department).

Decision for Defendant rendered July 9, 1997.

**CARL N. BYERS, Judge.**

This appeal concerns the 1995-96 assessed value of property located in Deschutes County. Taxpayers claim the department erred by permitting the assessor to submit evidence at the administrative hearing of a value greater than the assessed value, and it further erred by relying on that evidence. The matter was submitted to the court on taxpayers' Motion for Partial Summary Judgment. The court has considered the written and oral arguments of the parties.

## FACTS

The subject property consists of five separate but contiguous tax lots comprising a 60.94-acre parcel. The 1995-96 assessed values of the five lots totaled $350,135. Taxpayers appealed this value. At the department hearing, the assessor's representative claimed that the total value of the properties was $731,280 and submitted evidence to support this claim. Taxpayers objected to the assessor's attempt to prove a value greater than the assessed value. The department considered the assessor's evidence and ordered the total assessed value of the properties be increased to $731,280. Taxpayers assert that, under ORS 311.205, the assessor is prohibited from claiming a value greater than the assessed value. Taxpayers also assert that the department and the Tax Court are precluded from finding a value that exceeds the assessed value.

## ISSUE

May an assessor present evidence of value greater than the assessed value before the department or the Tax Court?

## ANALYSIS

Taxpayers contend that ORS 311.205[1] prevents an assessor from asserting a value greater than the assessed value in a taxpayer appeal to the department or Tax Court.

ORS 311.205 provides, in part:

"(1)  After the assessor certifies the assessment and tax roll to the tax collector, the officer in charge of the roll may

---

[1] All references to the Oregon Revised Statutes are to 1995.

correct errors or omissions in the roll to conform to the facts, as follows:

"(a) The officer may correct a clerical error. * * *

"(b) The officer may not correct an error in valuation judgment. Such errors are those where the assessor would arrive at a different opinion of value.

"(c) The officer may correct any other error or omission of any kind, so long as it is not a change in valuation judgment."

■ Taxpayers claim that when the assessor argues for a higher value on appeal, it constitutes an impermissible change in valuation judgment under ORS 311.205. However, that statute only prohibits an assessor from changing the tax roll. It does not prohibit an assessor in an appeal from changing his or her valuation judgment.

In support of their position, taxpayers cite *Wynne v. Dept. of Rev.*, 9 OTR 378 (1984). In *Wynne*, the taxpayer appealed the assessed value of property to the county board of equalization, and the board sustained the assessed value. The assessor then appealed from the board's order to the department, claiming a higher value. The Tax Court held that where the board's order sustained the assessed value, the assessor was not "aggrieved" and lacked the necessary standing to appeal the board's order.

As explained in *Bear Creek Plaza v. Dept. of Rev.*, 12 OTR 272, 274 (1992), the county assessor is acting in a judicial capacity when he assesses the value of a property. The court stated:

"It is fundamental that an officer exercising judicial authority cannot appeal from his or her own decision. * * * This rule is reflected in ORS 305.275(2, which requires an assessor to be 'aggrieved' before the assessor can appeal. An assessor may appeal from an order of a board of equalization only if the order changes the value set by the assessor." *Id.*

*Wynne* only addressed when an assessor may appeal a board's order. It said nothing about the assessor's authority to present evidence of a higher value in a taxpayer appeal.

Both the statutes and case law support an assessor's authority and responsibility to present evidence of real market value in Tax Court and department proceedings, regardless of whether that value is greater or less than the assessed value.

## A. *Tax Court*

■  This court has repeatedly emphasized the *de novo* character of cases before it. *See, e.g.*, *Price v. Dept. of Rev.*, 7 OTR 18 (1977), *Nepom v. Dept. of Rev.*, 4 OTR 531 (1971). Because trials are *de novo*, it is possible for the assessor to improve his case. In *Price*, this court explained:

> "If either the taxpayer or assessor can improve his case, as he moves from successive administrative hearings to the court, by using new approaches (justified by further study) or offering stronger comparable sales (discovered through greater diligence), these changes in presentation are permitted under the statutory provision for a presentation '*de novo*,' so long as they aid in reaching the goal of true cash value." *Price*, 7 OTR at 23.

In *Mid Oil Co. v. Dept. of Rev.*, 9 OTR 381, *rev'd and rem'd* 297 Or 583, 686 P2d 1020 (1984), however, the Tax Court deviated from its prior practice and held that parties before the court were limited to proving the values previously alleged before the department. The court reached this conclusion based on its interpretation of ORS 305.425(3) and *Pacific Power & Light Co. v. Dept. of Rev.*, 286 Or 529, 596 P2d 912 (1979).

The department appealed the Tax Court's decision to the Oregon Supreme Court. On appeal, the Supreme Court reversed the decision of the Tax Court. The court explained that the Tax Court's decision was based upon a misreading of the *Pacific Power & Light* case. The court concluded:

> "In any event, the quoted sentence [from *Pacific Power & Light*] was not intended to change the tax court's prior practice in exercising its responsibility for making an original, independent and *de novo* determination of value in property tax cases, as those words had been understood before *Pacific Power & Light Co. v. Dept. of Rev., supra*." *Mid Oil Co. v. Dept. of Rev.*, 297 Or 583, 588, 686 P2d 1020 (1984).

■■ Taxpayers recognize that the Supreme Court in *Mid Oil Co.* held the Tax Court should go back to its prior practice. However, taxpayers contend that the prior practice limited the assessor to proving the assessed value. This contention is in error. It is contrary to the *Price* decision and fails to recognize the *de novo* character of appeals before the court. In property tax appeals concerning value, the issue before the Tax Court is real market value, not whether the assessed value is correct. In a *de novo* proceeding, assessed value is irrelevant in determining real market value.

## B. *Department of Revenue*

Similarly, the goal in department hearings is to determine the real market value of the property. In *Georgia-Pacific Corp. v. State Tax Com.*, 228 Or 112, 363 P2d 1104 (1961), the Supreme Court upheld the Tax Commission's authority to increase the assessed value of property. In reaching this conclusion, the court noted that the Tax Commission had general supervisory power over the administration of the assessment and tax laws "with the general idea of seeing that all property is assessed and taxed according to law." *Id.* at 117. In addressing the issue of whether the Tax Commission could raise an assessment, the court explained that the Tax Commission had both the "power and * * * duty to do so." *Id.* at 121. The court concluded:

> "No cases have been cited that hold that the State Tax Commission or the Court cannot determine from the evidence 'true cash value' of the particular property, or part thereof covered by the appeal, after the Assessor's 'true cash value' is determined to be wrong, *even though the determined 'true cash value' exceeds the value appealed from as to one or more particular items*. The Commission's duty is to find 'true cash value' as well as uniformity and equality in taxation." *Id.* at 122 (emphasis added).

The department exercises general supervision over the assessment and tax laws and is obligated to increase the assessed value when presented with convincing evidence. An assessor should not be restricted to presenting evidence to support only the assessed value. To do so would impede the department's ability to determine the real market value of the property.

The court recognizes that allowing an assessor to prove a higher value could have a chilling effect on taxpayer appeals. In *Mid Oil Co.*, the Tax Court mentioned that increasing the assessment value at each stage in the proceeding "cannot help but have a chilling effect upon the ardor of a Plaintiff considering contesting his assessment or assessments." *Mid Oil Co.*, 9 OTR at 383. However, as noted by the Supreme Court when reversing the Tax Court, it does not matter if prohibiting the increase in assessed value is more just and equitable because, to do so, would "impinge[ ] upon the court's statutory assignment to conduct proceedings that 'shall be original, independent * * * and de novo.' " *Mid Oil Co.*, 297 Or at 588.

Assessed values are typically based on mass appraisal techniques. As a property tax appeal proceeds, the property is given more individual attention and, consequently, the determination of value becomes more refined. Because the goal of contested proceedings is to determine the real market value of property, an assessor must be allowed to present evidence of that value.

In summary, the statutes and case law allow county assessors to claim a value greater than the assessed value in department hearings and Tax Court trials. Also, when the evidence warrants it, both the department and Tax Court are required to find a higher value. Now, therefore,

IT IS ORDERED that taxpayers' Motion for Partial Summary Judgment is denied.