DECISION
Plaintiff appeals the real market value of property identified as Tax Account 232367 for tax year 2006-07. A trial was held in the Oregon Tax Courtroom, Salem, Oregon on Wednesday, February 6, 2008. Plaintiff appeared on his own behalf. Doug Hillpot (Hillpot), Benton County Assessor, appeared on behalf of Defendant. Leona Sparks (Sparks), Appraiser, and Cindy Weddle (Weddle), Sales Data Analyst, testified.
Plaintiff's Exhibits 5, 10, 11, 12, and 13 were received without objection. Defendant's Exhibits A and B were received without objection. Defendant offered Exhibit C as rebuttal evidence; it was received with objection.
 II. PRELIMINARY MATTERS
Prior to trial, the court issued its Order, filed October 2, 2007, holding that "[t]he real market value of the subject property set by the court for the 1999-2000 tax year and for the next five years has expired." (Order at 4.) Further, the court concludes that Plaintiff stayed within "the protection" of ORS 309.115 when he filed appeals in this court for 2000-01 and 2001-02. That Order with its findings is part of the court's Decision in the above-entitled matter.
At trial, Plaintiff challenged Defendant's right to present evidence in support of a real market value greater than stated in its Answer. Plaintiff cited Tax Court Rule 21A, stating that *Page 2 
"[e]very defense, in law or fact, to a claim for relief in any pleading, whether a complaint, counterclaim, cross-claim or third-party claim, shall be asserted in the responsive pleading thereto."
The issue before the court is the real market value of Plaintiff's property. When the issue is the real market value of property, "the court has jurisdiction to determine the real market value or correct valuation on the basis of the evidence before the court, without regardto the values pleaded by the parties." ORS 305.412[1] (emphasis added). In reference to the repeal of ORS 305.435, the predecessor to ORS 305.415, which was enacted in January 1, 2006, this court noted that "[a]bsent action from the legislature, attention to pleadings and amendments of pleading to conform with the proof is critical." ChartDevelopment Corp v. Dept. of Rev. (Chart Development), 16 OTR 9, 15, n 8 (2001). During the 2005 session, the legislature restored the language of ORS 305.435, which existed from "1977 [through] September 1, 1997," that "made [it] clear that this court was not limited by the pleadings in property valuation cases." Id. at 14. The court's responsibility is to make "an original, independent and de novo determination of value in property tax cases." Mid Oil Co. v. Dept. of Rev., 297 Or 583, 588,686 P2d 1020 (1984); Chart Development at 11. The court's determination of value is based on the evidence and is not limited by the values set forth in the parties' pleadings.
 II. STATEMENT OF FACTS
Plaintiff's subject property is a single family house located in Corvallis, Oregon. Plaintiff concluded that the subject property's real market value is no more than $140,000. Plaintiff alleged that contrary to a statement made by Hillpot at a case management conference, the county did not place a real market value on the tax roll for 2006-07 that reflected a "trend adjustment." *Page 3 
(Ptf's Ex 10 at 1.) Instead, Plaintiff alleged that an adjustment was made for "yard improvements and "other improvements." (Id. at 1, 2.) He concluded that those adjustments were in error because Defendant's own study concluded that those items (yard improvements and other improvements) "were not adjusted after moving to the 2005 Residential Cost Factor Book." (Ptf's Ex 13.) Plaintiff stated that those adjustments which increased the real market value to $144,000 should be removed. Plaintiff testified that the adjudicated value from prior proceedings in this court is applicable and, therefore, after those adjustments are removed, the correct real market value for tax year 2006-07 is $140,000.
Weddle testified that she participated in the county's cost study and "authored" Plaintiff's Exhibit 13, entitled "Property Class 101, 102, 108 — Urban Residential." She testified that, after completing a ratio study, the 1993 cost factor book data was compared to the 2005 cost factor book. Weddle testified that she concluded, as stated in Plaintiff's Exhibit 13, that "no further adjustment to the original adjustment amount stated in the 1993 cost factor book" was required. She also testified that an adjustment amount for yard improvements and other improvements remains the same as the amount stated in the 1993 Residential Cost Factor Book.
Sparks, Defendant's appraiser, viewed the subject property in January 2006. (Def's Ex B.) She described the subject property as a single level, 1,594 square foot house with an attached unfinished garage that is "located at the end of a cul-de-sac." (Id. at 8.) Sparks testified that the house was originally built in 1976 and remodeled in 1999. (Id. at 3.) Her observations were labeled in her appraisal report as "Additional Comments." (Id. at 8.) In determining the subject property's value, Sparks considered the three approaches to value, giving the "most weight" to the sales comparison approach and concluded that the income approach was not applicable. (Id. at 3, 6.) *Page 4 
Beginning first with the comparison sales approach, Sparks briefly discussed the four properties she selected as comparable to the subject property. The range of adjusted sales prices for the comparable properties was $232,420 to $260,130, (Def's Ex B at 4, 5.) She testified that the adjustment for differences in "living space" was based on a comparison of the price per square foot computed using the Oregon Department of Revenue's cost factor manual and price per square foot based on the adjusted sale prices of the four comparable sales. Sparks concluded that an adjustment amount of $70 per square foot was reasonable even though it was at the low end of the per square foot amount derived from the adjusted comparable sale prices. (Id. at 7.) She testified that the time adjustment for date of sale was based on the county's "straddle" study of the change in sale prices between January 1, 2005, and December 31, 2006. Even though the study concluded that the appropriate time adjustment was one percent per month, Sparks did not apply a time adjustment to sale number 4 because she did not believe it was necessary.
Plaintiff challenged Defendant's decision to pick three properties that were sold more than eight months after the assessment date of January 1, 2006. Defendant referenced the Oregon Supreme Court decision,Ernst Brothers Corporation v. Department of Revenue, 320 Or 294, 305,882 P2d 591 (1994), finding that it is appropriate to consider post-assessment date sales as direct evidence of value provided the sales occur "within a reasonable time after the assessment date." (Def's Ex C.) Plaintiff questioned whether more than eight months is "within a reasonable time after the assessment date."
Sparks testified that, in addition to the comparison sales approach, she considered the cost approach. (Def's Ex B at 7.) Looking first to the land value, she explained that using the extraction method the land value starts with the "base land value" that is increased for residential site development costs and yard improvements. Sparks concluded that the subject property's land value is $108,500. (Id.) Using the cost factor book, Sparks computed a total base improvement *Page 5 
value of $111,600 or $70.01 per square foot. (Id.) That value was increased for "adjustments and features" such as siding, heating, plumbing, fireplaces, and other features, and the attached unfinished garage. (Id.) Sparks' final value for the improvement was $134,460. (Id.) The total subject property's value using the cost approach was $242,960. (Id.)
Sparks testified that based on her inspection of the subject property and review of the two approaches to value, cost and sales comparison, she concluded that the real "market value of the subject property as of January 1, 2006 is" * * * "$239,000." (Id. at 3.)
 III. ANALYSIS
The issue before the court is the real market value of Plaintiff's property. Real market value is the standard used throughout the ad valorem statutes except for special assessments. See Richardson v.Clackamas County Assessor, TC-MD No 020869D, WL 21263620 at *2 (Mar 26, 2003) (citing Gangle v. Dept. of Rev., 13 OTR 343, 345 (1995)). Real market value is defined in ORS 308.205(1), which reads:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's length transaction occurring as of the assessment date for the tax year."
Plaintiff must present evidence of real market value.
A. Burden of Proof
"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon theparty seeking affirmative relief." ORS 305.427 (emphasis added). Plaintiff must establish his claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." Schaefer v. Dept.of Rev., TC No 4530 at 4 (July 12, 2001) (citing Feves v. Dept. ofRev., 4 OTR 302 (1971)). This court has stated *Page 6 
that "it is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent evidence of the RMV of their property."Freitag v. Dept. of Rev., 18 OTR 368, 374 (2005) (quoting Poddar v. Deptof Rev., 18 OTR 312, 332 (2005) (quoting Woods v. Dept. of Rev.,16 OTR 56, 59 (2002)) (citation omitted).
Plaintiff did not present competent evidence of the subject property's real market value. Contrary to the court's Order, Plaintiff's case was premised on an adjudicated value which he used as the starting point in computing the subject property's 2006-07 real market value. Plaintiff then criticized the county's determination of value, offering an incorrect explanation of the yard improvement and other improvements adjustments found in the 2005 cost factor manual. Plaintiff offered no competent evidence, e.g., an appraisal or comparable sales data, to support his assertion that the real market value is $140,000. Plaintiff failed to carry his burden of proof. He did not prove "that the real market or assessed value of the property in question is less than that entered on the rolls." Woods v. Dept. of Rev., 16 OTR 56, 59 (2002).
Even though Plaintiff failed to carry his burden of proof, the court's analysis is not complete. The court must consider Defendant's evidence because Defendant is requesting that the court determine a real market value in excess of the 2006-07 tax roll value.
B. Defendant's Analysis: Approaches of Valuation — Real MarketValue
There are three approaches of valuation (cost, income, and comparable sales) that must be considered in determining the real market value of a property even if one of the approaches is found not to be applicable.See ORS 308.205(2) and OAR 150-308.205-(A)(2). Because the subject property is the primary residence of Plaintiff, Defendant concluded that the income approach is not applicable. *Page 7 
C. Comparable or Comparison Sales Approach
In a case such as this one before the court, the comparable sales approach "may be used to value improved properties, vacant land, or land being considered as though vacant." Chambers Management Corp. v. LaneCounty Assessor, TC-MD No 060354D at 6 (Apr 3, 2007), citing Appraisal Institute, The Appraisal of Real Estate 335 (12th ed 2001). Defendant's appraiser, Sparks, prepared and presented her appraisal report. Sparks concludes that the subject property's real market value is $239,000. (Def's Ex B at 4.) The actual age of all the comparables were similar. (Id.) Sparks adjusted three of the four sale prices for date of sale in relation to the assessment date. (Id.) The total amount of her adjustments in relation to the sale price ranged from 3.2 percent to 22.7 percent. (Id. at 4, 5.) Sparks concluded that the adjusted sale price of two of the comparable sales were the most reliable because (1) the required adjustments were few; (2) one comparable property was similar in size and features; and (3) the other comparable property sold less than 60 days before the assessment date. (Id. at 4.) Sparks' testimony evidenced her knowledge of the comparable properties and those two comparable properties adequately supported her determination of real market value.
D. Cost Approach
he cost approach is particularly useful in estimating the real market value of new construction because cost and market value can be more closely related when properties are new. Because Plaintiff's subject property is 30 years old, a depreciation adjustment was made after Sparks computed a replacement cost of the structure using the Oregon Department of Revenue's cost manual, which was developed from actual market data and adjusted for the locality. (Id. at 6.) In her report, Sparks wrote that "[l]and value was calculated using an extraction method to verify the base land value." (Id.) The extraction method uses a combination of actual sales data and tax roll values to estimate land value. (Id.) This court has *Page 8 
previously noted the Oregon Department of Revenue's warning that "[t]he extraction method is less reliable than the direct comparison approach and should be used with caution." Coos County Assessor v. Smith, TC-MD No 040520D at 18 (Aug 19, 2005) (citing Department of Revenue, 1993Appraisal Methods for Real Property at 1). The method should be used with a large sample of properties within the same neighborhood to give a reliable range of values. There is no evidence that Sparks used a large sample of properties. To the land value, on-site development and yard improvement costs were added. (Def's Ex B at 4.) Sparks' value based on the cost approach value is $242,960, close to, but greater than, the value determined by the sales comparison approach. (Def's Ex B at 7.) Given the age of the property and the court's concern about the extraction method, the court gives little weight to the cost approach.
E. Reconciliation
The court acknowledges that a reconciliation of the three approaches is the most
helpful in determining real market value and that no one approach is often deemed determinative. Sparks gave substantial weight to the sales comparison approach and determined that the subject property's real market value is $239,000 as of the January 1, 2006, assessment date. The court finds Defendant's comparable sales approach informative and persuasive. Because the property is not new, the court gives less weight to the cost approach. The court finds that Defendant's appraisal is competent evidence which supports its determination.
F. ORS 309.115 — Order Correcting Real Market Value
Defendant requests that the court address in its Decision "the attachment of adjudication" (ORS 309.115) when Plaintiff has not "prevailed." (Def's Ex A-1.) ORS 309.115(1) provides that "[i]f the * * * tax court or other court enters an order correcting the real market value of a separate assessment of property and there is no further *Page 9 
appeal from that order, * * * the value so entered shall be the real market value entered on the assessment and tax rolls for the five assessment years next following the year for which the order is entered."
In construing a statute, the court follows the leading case on statutory interpretation, PGE. v. Bureau of Labor and Industries,317 Or 606, 859 P2d 1143 (1993) (PGE). PGE directs the court to accept the plain meaning of a statute and "that words of common usage typically should be given their plain, natural, and ordinary meaning."Id. at 611. When ascertaining the meaning of a statute, the court must consider rules of statutory construction. Specifically applicable to this statute is the following statutory instruction to the judge: "* * *not to insert what has been omitted, or to omit what has been inserted * * *." ORS 174.010.
ORS 309.115 makes no reference to "prevailing party" and the court cannot "insert what has been omitted." ORS 174.010. The statute directs that if the court orders a correction of real market value then the provisions of ORS 309.115 are applicable with no reference to which party prevails.
 IV. CONCLUSION
After careful review of the evidence and testimony, the court concludes that Plaintiff failed to carry his burden of proof. The court finds that Defendant's appraisal stating that the real market value of the subject property was $239,000 is an accurate estimate of value. Now, therefore,
IT IS THE DECISION OF THIS COURT that the real market value of Plaintiff's property identified as Tax Account 232367 as of January 1, 2006, is $239,000; and *Page 10 
IT IS FURTHER DECIDED that ORS 309.115 is applicable to a correction in real market value ordered by the court without reference to the prevailing party.
Dated this _____ day of March 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onMarch 31, 2008. The Court filed and entered this document on March 31,2008.
[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1