IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

WILLAMETTE ESTATES II, LLC,  )
                             )
            Plaintiff,       )        TC-MD 120110C
                             )
        v.                   )
                             )
MARION COUNTY ASSESSOR,      )
                             )
            Defendant,       )
                             )
        and                  )
                             )
DEPARTMENT OF REVENUE,       )
State of Oregon,             )
                             )
        Defendant-Intervenor. )       **DECISION**

This matter is before the court on the parties' cross-motions for summary judgment (Motions). The underlying appeal involves the real market value of an apartment complex located in Salem, Oregon, identified in the assessor's records as Account R22411 (subject property). The tax year at issue is 2007-08.

Plaintiff is represented by Donald H. Grim and David P. Weiner, Attorneys at Law, Greene and Markley, P.C. Defendant Marion County Assessor (Assessor) is represented by Scott A. Norris, Assistant County Counsel, Marion County. Defendant-Intervenor Department of Revenue (Department) is represented by Douglas M. Adair, Senior Assistant Attorney General, Oregon Department of Justice.

I. STATEMENT OF FACTS

This case has been before this court on two previous occasions, and is back for a third round. It has also been the subject of two proceedings in the Department of Revenue. The court will recite the salient facts necessary for a final determination of the matter, subject, of course, to

the statutory right of appeal to the Regular Division of the Tax Court and, potentially the Oregon Supreme Court.

Plaintiff timely appealed the real market value of the subject property to the Marion County Board of Property Tax Appeals (BOPTA) and, on February 26, 2008, BOPTA mailed an order sustaining the Assessor's roll values. (Def-Inv Ltr, May 3, 2012, Dept. of Rev. Conf. Rec. at 19-20.)

Plaintiff thereafter filed an appeal with this court, *Willamette Estates II LLC v. Marion County Assessor*, TC-MD No 080387D (Jan 21, 2009), challenging only the improvement value of the subject property for the 2007-08 tax year. Plaintiff's appraiser submitted an appraisal report that provided value estimates for the real market value of the land ($5,594,000), the improvements ($6,715,000), and the total real market value ($12,309,000). *Id.* at 4. Although the defendant in that case (the Assessor) estimated the total real market value to be slightly higher – $12,500,000, it stated during trial that it was willing to "stipulate" to Plaintiff's $12,309,000 total real market value for the subject property. *Id.* at 2, 6. The court concluded that the real market value of the improvement was $7,309,000. *Id.* at 9-10. That conclusion was based on the court's finding that "Plaintiff's evidence supports a land real market value as of the assessment date of $5,000,000." *Id.* at 7. The court repeated that finding in its conclusion stating that "Plaintiff's evidence supports a land real market value of $5,000,000." *Id.* at 7. The court explained that once it had "determined both a total value and a land value, the improvement value is a simple mathematical subtraction – the subject property's total real market value less the land real market value." *Id.* at 8. However, because Plaintiff only appealed the value of the improvement, the court lacked jurisdiction to change the real market value of the land, and the court's Decision only reduced the real market value of the

improvement. *Id.* at 9-10. The Assessor did not appeal the court's decision in TC-MD 080387D. *Willamette Estates II LLC v. Marion County Assessor*, TC-MD No 091541C at 2 (May 13, 2011). The court's Decision therefore became final, and a Judgment was issued March 31, 2009. (*Id.*)

The Assessor subsequently filed a petition with the Department on April 16, 2009, requesting that the Department increase the real market value of the land for the 2007-08 tax year from $1,002,840 to $5,000,000. *Id.* at 2-3. The Department assigned that appeal case number 09-0048. (Def-Inv Ltr, May 3, 2012, Dept. of Rev. Conf. Rec. at 42.) In the Assessor's actual Department petition, filed on or about April 21, 2009, the Assessor indicated that the real market value, as ordered by the magistrate in TC-MD 080387D, was $8,311,840, with $1,002,840 allocated to the land and $7,309,000 to the building. (*Id.*) The Assessor then indicates that it is requesting a land real market value of $5,000,000, a building real market value of $7,309,000 (consistent with this court's decision in TC-MD 080387D), and a total real market value of $12,309,000. (*Id.*)

The Department determined that it had jurisdiction under ORS 306.115 and the corresponding administrative rule, OAR 150-306.115, based on a determination that the parties agreed to facts indicating a likely error on the roll. (*Id.* at 14.) The Department noted in its first Conference Decision that the magistrate (in TC-MD 080387D) found that the "improvement RMV" was $7,309,000, but that the magistrate "could not rule on the RMV of the land" because the issue before the magistrate was the real market value of the improvements. (*Id.* at 13.) As a result, the total real market value on the roll was $8,311,840. (*Id.*) The Department further noted that the parties had agreed to a "total RMV of $12,309,000," based on an appraisal submitted by the taxpayer's appraiser John Taylor. (*Id.* at 14.)

The Department increased the real market value of the land for the 2007-08 tax year to $5,000,000 based on the submissions of the parties and the facts set forth above, without holding a merits conference. (Def-Inv Ltr, May 3, 2012, Dept. of Rev. Conf. Rec. at 13-15.) The Department also ordered an increase in the total real market value to $12,309,000. (*Id*. at 15.)

Plaintiff appealed that determination back to this court (TC-MD 091541C) and the court remanded the case back to the Department with instructions to "hold a merits conference to consider the substantive issue (*i.e.*, value) in the County's petition for an increase in value before simply increasing that value." *Willamette Estates*, TC-MD No 091541C at 8. The court remanded the case because it concluded that the Department abused its discretion under ORS 306.115 by denying Plaintiff a hearing on the merits before increasing the value. (*Id*. at 8-9.)

On remand, the Department held a merits hearing and ordered an increase in the real market value of the land to $5,000,000, and an increase to the total real market value to $12,309,000. (Def-Inv Ltr, May 3, 2012, Dept. of Rev. Conf. Rec. at 8.) Those are the same values found by the Department in its initial supervisory conference decision, issued September 23, 2009. (*Id.* at 15.) In the second Department proceeding, held July 19, 2011, neither party submitted any new evidence, although they had the legal right to do so pursuant to OAR 150-305.265(6)-(A)(4).[1] (*Id.* at 4.) Moreover, Plaintiff's representative requested that the Department reconsider its original determination, which found that an agreement to facts had been made between the parties allowing the Department to exercise its supervisory authority. (*Id.*)

///

---

[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) and the Oregon Administrative Rules (OAR) are to 2007.

On March 15, 2012, Plaintiff appealed the Department's second conference decision to this court, requesting that the court "[r]educe RMV land value to $1,002,840." (Ptf's Compl at 1.) This is Plaintiff's third appeal to this court. Plaintiff explained in Section 3 of its Complaint that the Department's conference decision is in error for numerous reasons, including that "[t]he department lacked jurisdiction to hear this case under ORS 306.115 because there was no agreement between the parties that indicated an error on the tax roll." (*Id*. at 2.)

## II. ISSUE

The issue in this case is whether the Department abused its discretion in issuing a conference decision increasing the land and total real market values for the subject property following a merits conference held on remand by this court and initially brought to the Department on petition by the Assessor.

## III. ANALYSIS

This case is before the court on appeal from the second of two conference decisions issued by the Department. The Department increased the subject property's land and total real market values for the 2007-08 tax year. (Def-Inv Ltr, May 3, 2012, Dept. of Rev. Conf. Rec. at 8.) The second conference decision was rendered November 8, 2011, following a "merits" conference the Department held under ORS 306.115(4) and OAR 150-306.115(3)(d), following the court's remand to the Department by Decision issued May 13, 2011, in TC-MD 091541C. (*Id.* at 7.)

A.    *Scope of review and applicable law*

The parties agree that the court's standard of review is limited to whether the Department abused its discretion in ordering the value increases, although Plaintiff concedes this is the applicable standard only if the Department had jurisdiction to begin with. (Ptf's Mem at 3, 9;

Def-Inv's Mot for Summ J at 3.)  Plaintiff and the Department correctly note that under an abuse of discretion review standard, the court's role is limited to determining whether the Department acted "capriciously or arrived at a decision that was clearly wrong."  (Ptf's Mem at 3 (citing *Eyler v. Dept. of Revenue*, 14 OTR 160, 162 (1997)), *Resolution Trust Corp. v Dept. of Revenue* (*Resolution Trust*), 13 OTR 276 (1995); Def-Inv's Mot for Summ J at 3 (citing *Martin Bros. v. Tax Commission*, 252 Or 331, 449 P2d 430 (1960)), *ADC Kentrox v. Dept. of Rev.*, 19 OTR 91, 94 (2006), *Rogue River Pack. v. Dept. of Revenue* (*Rouge River*), 6 OTR 293 (1976), *Jim Fisher's Motor's, Inc. v. Dept. of Revenue*, 7 OTR 90 (1977), *Pratum Co-op Wholesale v. Dept. of Revenue*, 6 OTR 130 (1975).)  The Department further notes that "the scope of the court's review is restricted to what was before the department when it reached the decision under review."  (Def-Inv's Mot for Summ J at 3 (citing *Resolution Trust*, 13 OTR at 279).)  Moreover, the court will not substitute its judgment for the judgment of the agency.  *Rogue River*, 6 OTR at 298.

"Discretion" describes the power of the department to choose between several legally permissible courses of action.  *State v. Caruso*, 289 Or 315, 322, 613 P2d 752 (1980); *State ex rel Maizels v. Juba*, 254 Or 323, 330, 460 P2d 850 (1969).  As a standard of review, "abuse of discretion" is relatively without content, as it describes a conclusion to be reached and not the analysis used to reach it.  *Liberty Northwest Ins. Corp. v. Jacobson*, 164 Or App 37, 45, 988 P2d 442 (1999).  "The essential question is whether the choice made is consistent with one or several objectives to be served by vesting discretion in the decision maker, under circumstances pertinent to the decision to be made."  *Id.*; *see generally Dickenson v. Davis*, 277 Or 665, 673-76, 561 P2d 1019 (1977) (discussing the nature of discretion in administrative proceedings).

/ / /

The Department's "supervisory authority" lies in ORS 306.115, a statute granting the Department "general supervision and control over the [state's] system of property taxation * * *." ORS 306.115(1). That statute goes on to provide:

> "[t]he department may do any act or give any order to any public officer or employee that the department deems necessary in the administration of the property tax laws so that all properties are taxed or are exempted from taxation according to the statutes and Constitutions of the State of Oregon and the United States.

> "(3) The department may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if for the year to which the change or correction is applicable *the department* discovers reason to correct the roll which, *in its discretion*, it *deems necessary* to conform the roll to applicable law without regard to any failure to exercise a right of appeal.

> "(4) Before ordering a change or correction to the assessment or tax roll under subsection (3) of this section, the department *may* determine whether any of the conditions specified in subsection (3) of this section exist in a particular case. If the department determines that one of the conditions specified does exist, the department shall hold a conference to determine whether to order a change or correction in the roll."

ORS 306.115 (emphasis added).

OAR 150-306.115 describes how the department will, in its discretion, apply its supervisory powers. OAR 150-306.115 states in part:

> "(d) If the department determines that it has the authority under ORS 306.115(3) to consider the substantive issue in the appeal, it will hold a merits conference, if necessary, to consider the substantive issue. If the department determines that it does not have the authority to consider the substantive issue in the petition, the petition will be denied."

> "(4) The department will consider the substantive issue in the petition only when:

> "(a) The assessor or taxpayer has no remaining statutory right of appeal; and

> "(b) The department determines that an error on the roll is likely as indicated by at least one of the following standards:

"(A) *The parties to the petition agree to facts indicating likely error*[.]"

OAR 150-306.115(3)(d)-(4)(b)(A) (emphasis added).

Under ORS 306.115, the department only has the authority to consider the substantive issue in the petition under certain circumstances, which are set forth in its administrative rule above. As applicable to this case, the Department determined that the parties agreed to facts indicating a likely error on the roll.

B.      P*laintiff's Position*

Plaintiff's in its Complaint in the instant appeal has requested a reduction in the real market value of the land to $1,002,840. However, Plaintiff has maintained all along that the Department lacked jurisdiction to hear the case brought by the Assessor by petition to the Department. (Ptf's Compl at 2; Def-Inv Ltr, May 3, 2012, Dept. of Rev. Conf. Rec. at 4.) Plaintiff here asserts that "[t]he department lacked jurisdiction to hear this case under ORS 306.115 because there was no agreement between the parties that indicated an error on the tax roll." (Ptf's Compl at 2.)

Plaintiff essentially challenges the Department's second conference decision on four grounds: 1) the Department lacked jurisdiction to hear the case under ORS 306.115 because there was no agreement of facts between the parties; 2) the Assessor cannot appeal its own value determinations; 3) the Department's decision changes the tax court's decision and judgment which, according to Plaintiff, became final and unappealable and otherwise unalterable, and 4) when the Department changed the total real market value and the real market value of the land, its decision was contrary to *Nepom v. Department of Revenue*, 272 Or 249, 536 P2d 496 (1975) because its decision results in a prohibited act of "value shifting." (Ptf's Compl at 2.) The court disagrees.

C.    *Agreement to facts*

Plaintiff asserts that "[b]ecause the parties did not unequivocally agree on a fact which indicated an error on the tax roll, the Department did not have jurisdiction to hear the appeal." (Ptf's Mem at 6).

The court agrees with the Department that "[p]laintiff seeks to revisit an issue that was previously decided by this court in TC-MD 091541C." (Def-Inv's Resp at 1.) In remanding the case back to the Department to hold a merits hearing on the underlying value issue, the court in its second decision (TC-MD 091541C) necessarily agreed that the Department did not abuse its discretion in determining there was an agreement to facts indicating to the Department that there was likely an error in the roll. There was more than sufficient basis for the Department to make that determination. As indicated above, in its first appeal to this court, Plaintiff submitted an appraisal report that estimated the total real market value to be $12,309,000 and the Assessor's representative "stipulated" to that value. The court in TC-MD 080387D ordered a reduction in the real market value of the improvement value to $7,309,000. *Willamette Estates*, TC-MD No 080387D at 9. The court in that case further determined that the real market value of the land was $5,000,000, but was unable to order a reduction in the land value because Plaintiff had only appealed the value of the improvement. Those are facts from which the Department could, and did, reasonably conclude indicated the likelihood of an error on the roll. Moreover, all that is required of this court is a finding that the Department did not act capriciously or arrive at a decision that was clearly wrong. *Martin Bros. v. Tax Comm'n*, 252 Or 331, 338, 449 P2d 430 (1969) (citation omitted).

The court concludes that the Department did not act capriciously or arrive at a decision that was clearly wrong either in its first decision insofar as it determined it had jurisdiction to

exercise its supervisory authority, or in its second decision when the Department determined that the total real market value should be increased to $12,309,000, and the land real market value increased to $5,000,000. To the extent that Plaintiff's appeal is a challenge to the Department's determination that it had jurisdiction to hear the case under ORS 306.115, that issue has already been fully and fairly presented to the court and decided in favor of the Assessor and the Department, and the court may not revisit that issue in this appeal. Plaintiff's challenge of the Department's merits decision, which is the second of its two decisions, is also without merit. Again the court concludes there was no abuse of discretion by the Department.

Given the posture of this case and the specific issue Plaintiff has presented to this court, which is that the land real market value be reduced to $1,002,840 because the Department lacked jurisdiction to hear the case under ORS 306.115, the court's analysis above should be sufficient to resolve the appeal. However, Plaintiff has enumerated a number of specific reasons why the Department lacked jurisdiction, and that the land value should therefore be $1,002,840. (Ptf's Compl at 1-2; Ptf's Mem at 4-14.) The court will briefly address those contentions in the order presented.

1.    *Jurisdiction*

Plaintiff first argues that the parties did not unequivocally agree on a fact. That assertion has already been adequately addressed by the court and merits no further discussion.

2.    *Impermissible assessor appeal*

Plaintiff next asserts that an assessor is prohibited from appealing its own "judicial" determination. (Ptf's Mem at 6.) Plaintiff presents a two-pronged argument in support of that assertion: 1) that an appeal under ORS 306.115 is an appeal, and 2) that the assessor cannot appeal its own decision. (Ptf's Mem at 6, 9.)

Plaintiff in its memorandum acknowledges that there are a number of court cases concluding that "appeals" under ORS 306.115 " 'are not appeals in the traditional sense.' " (*Id.* at 6 (quoting *McGill v. Dept. of Rev.*, 14 OTR 40, 42 (1996)).)  Plaintiff acknowledges that ORS 306.115 provides a process for administrative review.  (*Id.* at 7.)  Plaintiff goes on to note that both the Department and the court refer to petitions filed under ORS 306.115 as an appeal. (*Id.*)  Plaintiff then cites an Oregon Court of Appeals case to buttress its argument that a petition under ORS 306.115 is nonetheless an appeal.  (*Id.* at 8 (citing *State v. Hewitt*, 162 Or App 47, 51, 985 P2d 884 (1999)).)  Plaintiff also cites a definition in Black's Law Dictionary in support of its assertion that petitions to the Department, an administrative agency, are appeals.  (*Id.* at 8.) Plaintiff's argument, while imaginative, is nonetheless unpersuasive.  Plaintiff cannot sweep away pronouncements of this court going back more than 20 years, and recently summarized by this court in *Kaufman v. Dept. of Revenue* (*Kaufman*), __ OTR __ (July 29, 2010), where the court stated: "ORS 306.115 is not a statute creating a right of appeal.  ORS 306.115 authorizes the department, in its supervisory capacity, to correct errors of the tax rolls. * * * '[W]hen a taxpayer petitions [the department] under ORS 306.115, it is not 'appealing' in the usual sense * * *.  It is helping [the department] to 'discover' a reason to correct the tax roll.' " *Kaufman*, __ OTR at __ (slip op at 5) (citations omitted).

Consistent with the Department's broad discretionary authority to exercise general supervision and control over Oregon's property tax system, as spelled out in ORS 306.115(1), including its authority to order a change or correction to the assessment or tax roll when the Department discovers a reason it deems warrants such a correction, as provided in subsection (3) of that statute, any interested person may petition the Department for such correction.  The Department uses petitions as one of many means of having the potential need for a correction

brought to its attention. The purpose of a petition by a taxpayer or the assessor is to assist the Department in discovering information on which it may find it necessary to exercise its discretionary authority to review and correct the property tax rolls. These petitions are not appeals, despite Plaintiff's claims to the contrary.

As for Plaintiff's assertion that the Assessor is prohibited from appealing "his" own decision, the Assessor's petition to the Department in this matter, submitted pursuant to the provisions of ORS 306.115, was not an appeal by the Assessor of its own decision. The values on the rolls, as originally set by the Assessor, were $1,002,840 for the land and $14,784,740 for the structures, for a total real market value of $15,787,580. When Plaintiff initially appealed to this court, it presented an appraisal with a final value conclusion of $12,309,000, allocating $5,594,000 to the land and $6,715,000 to the improvement. The Assessor "stipulated" to Plaintiff's $12,309,000 total real market value, did not introduce any evidence to support the $1,002,840 land real market value on the rolls, and the court determined that the real market value of the improvement was $7,309,000. The court also "determined" that the real market value of the land was $5,000,000, but lacked jurisdiction to order a change in the land value. (Rec at 34-35.)

Following the magistrate's decision in TC-MD 080387D, the Assessor, in accordance with ORS 308.215(1) (requiring the assessor to set down in the assessment roll the real market value of the land, the real market value of all buildings, and the total real market value, assessed value, and maximum assessed value), reduced the total real market value to $8,311,840. As indicated above, the Assessor's initial determination of total real market value (*i.e.*, the total real market value appearing on the assessment and tax rolls before Plaintiff's appeal to BOPTA) was $15,787,580. While the Assessor did include in its petition to the Department a request for an

increase in the land real market value to $5,000,000, the Assessor also requested a total real market value of $12,309,000, a value not only different from the one originally placed on the rolls, but the value agreed to by the parties in the very first appeal to this court from BOPTA Order of the Board in TC-MD 080387D. Accordingly, the Assessor did not "unilaterally appeal [its] own determination of value," as Plaintiff asserts in its memorandum, and there is no conflict with the rule in *Bear Creek Plaza v. Dept. of Rev.* (*Bear Creek*), 12 OTR 272, 274 (1992). (The court noted case law established that the assessor acts in a "judicial capacity" when setting the value of property and then ruled that "an officer exercising judicial authority cannot appeal from his or her own decision") (citations omitted). *Bear Creek* involved a taxpayer appeal to the Department challenging the board of equalization's (now known as the board of property tax appeals) increase in the value of four of 34 accounts comprising a portion of the taxpayer's entire shopping center. *Bear Creek*, 12 OTR at 273. The statutory scheme in effect at the time provided for appeals from the board of equalization to be filed directly with the Department. *Id*. at 274-275 (citing ORS 305.275[2]). The assessor attempted to cross-appeal by placing the property's entire value at issue and the court ruled that the assessor must be both aggrieved and must file its appeal "within 30 days of the mailing date of the order of the board of equalization. ORS 305.280(3) [1991]." *Bear Creek*, 12 OTR at 274-275. That decision was consistent with *Nepom v. Dept. of Rev.*, 272 Or 249, 256, 536 P2d 496 (1975), which concluded that the tax

---

[2] ORS 305.275 (1991) provided in relevant part:

"(2) A taxpayer or county assessor who is aggrieved by an order of a county board of equalization or board of ratio review may appeal to from the order in the manner provided in this section.

"* * * * *

"(5) All appeals shall be taken by filing a petition with the director at Salem, Oregon, which shall constitute the perfection of the appeal. The petition shall state the facts relied upon for relief, a description of any property involved, any statement or proposition of law relied upon, the relief requested, and shall bear the signature of the petitioner or the authorized representative."

court acted improperly in adding the reduction in the improvement values to the land (*i.e.*, "value shifting").

Plaintiff's reliance on *Wynne v. Dept. of Rev.*(*Wynne*), 9 OTR 378 (1984) is completely without merit because the facts in that case are clearly distinguishable from those in the present matter. (Ptf's Mem at 10-11.) Plaintiff asserts that in *Wynne*, "the court prohibited an assessor from appealing a perceived valuation error on the tax roll." (*Id*. at 10.) In *Wynne*, the assessor set the value of the subject property at $134,815 and the property owner unsuccessfully appealed that value to the Klamath County Board of Equalization. *Wynne*, 9 OTR at 378-379. The assessor attempted to appeal the Board of Equalization's decision to the Department and the court simply noted that "[i]t would thwart clear legislative intent * * * if the assessor could correct a perceived error in his judgment by appealing that higher value[3] to the Department of Revenue." *Id*. at 379-380.

Finally, Plaintiff's reliance on *Clark v. Dept. of Rev.* (*Clark*), 14 OTR 221 (1997), is unpersuasive because that case is simply inapposite. Plaintiff correctly notes that the tax court in *Clark* upheld an assessor's right to present evidence of a higher value, "but only where the taxpayer first place that value at issue." (Ptf's Mem at 11.) In *Clark*, the court upheld an assessor's right to present evidence of a higher value in an appeal to the Department (and the tax court) initiated by the taxpayer. (*Id*. at 222, 224, 226.) Plaintiff asserts that *Clark* is distinguishable "because the plaintiff (taxpayer) in our case did not place the land value at issue." (Ptf's Mem at 11.) *Clark* has no relevance here because the taxpayer in that case argued that the assessor's request for a value higher than the assessed value constituted an impermissible change

---

[3] The court's reference to a "higher value" in *Wynne* refers to the difference between the value requested by the property owner ($113,780) and the value on the rolls determined by the assessor and sustained by the Board of Equalization at $134,815. *Id*.

in valuation judgment under ORS 311.205. *Clark*, 14 OTR at 223. The Plaintiff in this case successfully appealed one component of value, the improvement, to this court, and the court reduced that value. The Assessor then petitioned the Department under ORS 306.115, asking the Department to exercise its supervisory authority to exercise its general supervision and control over the property tax system by determining that the parties agreed to facts indicating the likelihood of an error on the roll.

      3.      *Impermissible change in the tax court's judgment*

Plaintiff alleges that the Department, in its first decision impermissibly "change[d] [] a final and binding decision of the Tax Court because the First Magistrate Decision had already set the total RMV." (Ptf's Memo at 13.) That statement is simply incorrect. The first magistrate decision, TC-MD 080387D, reduced only the improvement real market value. It was the legislative enactment embodied in ORS 305.440 that resulted in the reduction in the property's total real market value which the Department then raised upon petition by the Assessor. The Department's increase in the total real market value, and the real market value of the land, did nothing to disturb this court's decision in TC-MD 080387D.

      4.      *Nepom violation*

Finally, Plaintiff asserts that under *Nepom v. Dept. of Rev.* (*Nepom*), 272 Or 249, 536 P2d 496 (1975), a taxpayer may elect to appeal the value of the land, the value of the improvements, or both, and that because the Plaintiff in this case appealed the real market value of the improvements and the total real market value, the Department violated the rule in *Nepom* in its first decision by "shifting" the court's reduction in the improvement real market value to the land real market value. (Ptf's Mem at 13-14.) The problem with that argument is that, as indicated above, the court's decision in TC-MD 080387D only reduced the real market value of the

improvements and the Department was well within its statutory authority to increase both the total real market value and the real market value of the land.

IV.  CONCLUSION

The court concludes that Plaintiff's Motion for Summary Judgment must be denied and the Motions for such relief filed by the Assessor and the Department must be granted for the reasons set forth above.  As such, the value increases ordered by the Department are upheld. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's Motion for Summary Judgment is denied.

IT IS FURTHER DECIDED that Defendant Marion County Assessor's Motion for Summary Judgment is granted.

IT IS FURTHER DECIDED that Defendant-Intervenor Oregon Department of Revenue's Motion for Summary Judgment is granted.

Dated this ＿＿ day of November 2012.


＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision was signed by Magistrate Dan Robinson on November 8, 2012. The Court filed and entered this Decision on November 8, 2012.*